RICE *et al. v.* STATE.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

572

McNabb & Porter, Barnes & Lewis and Colin B. Mc-Kinney, for Ralph Rice and Ralph Thomas.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

The plaintiffs in error have been convicted of bank robbery, under chapter 128 of the Public Acts of 1925, and given a maximum sentence of forty years in the State penitentiary.

The proof shows that on the morning of May 11, 1933, the cashier of the Farmers' & Merchants' Bank at Limestone went to his banking house quite early. As he unlocked the outer door and stepped in, he saw the shadow of a man upon a frosted glass, a part of a partition, within the banking house. The bank had been robbed once before, and, upon seeing this shadow, the cashier left the bank and locked the door from the outside. He went out into the town, procured a posse, who armed themselves, and the party then returned to the banking house. When the posse entered the bank, they found the plaintiffs in error therein. One of them had undertaken to hide behind the door containing the frosted glass and another was lying on the floor behind the partition cutting off the cashier's office. Each of them was armed with a .38 Smith & Wesson pistol, both of them had their faces blackened, and both were wearing goggles over their eyes. One of them had a small sack, like a money sack, in his possession.

Confronted by this posse, plaintiffs in error surrendered without any struggle and submitted to arrest. They were arraigned upon an indictment containing two counts.

The first count charged that they did unlawfully, etc., break into the aforesaid banking house with intent to take, steal, and carry away the valuable personal goods and chattels of said bank, etc.

The second count charged that they did unlawfully and feloniously enter into the banking house of aforesaid bank, where money was kept on deposit, and where securities of the value of more than $10 were deposited for safe-keeping, and by violence and putting in fear one W. J. Propst, cashier of said bank, the person therein charged with the custody, care, and keeping of said money and securities of value, did unlawfully and feloniously take and remove and attempt to take and remove from said banking house said money and securities, etc.

It seems that during the trial of the case the district attorney general announced that he would not ask for conviction on the first count, but would ask for conviction on the second count of the indictment alone.

Section 1 of chapter 128 of the Public Acts of 1925 is in these words:

"That it shall be unlawful for any person to feloniously enter any banking house or place where moneys are kept on deposit and securities of any value deposited for safe keeping and by violence or putting in fear any person therein charged with the custody, care or keeping of such money or securities of any value, to feloniously take and remove or attempt to take and remove from such banking house any such moneys or securities of any value; and any person so doing shall be deemed guilty of the crime of bank robbery."

Plaintiffs in error got nothing from the bank prior to their arrest, but it will be observed that the statute puts the attempt to take and remove and the removal of the bank's moneys and securities on the same plane.

Either constitutes the offense of bank robbery, if the effort is accompanied by violence or putting in fear the person charged with the custody of the bank's valuables. The difficulty in sustaining this conviction is that the proof fails to show that any violence was offered to anyone or that there was any effort to put anyone in fear by the plaintiffs in error. Such being the proof, we do not see how a conviction under this statute can be upheld.

The statute makes it unlawful to feloniously enter the banking house and "by violence or putting in fear any person therein charged with the custody . . . to feloniously take and remove or attempt to take and remove" moneys or securities. Whether it is a taking or whether it is an attempt, violence or putting in fear must accompany the act to make out the statutory offense of bank robbery. Such a construction of the statute seems inescapable.

We are referred by the State to *People* v. *Gormley,* 222 App. Div., 256, 225 N. Y. S., 653, *People* v. *Moran,* 18 Cal. App., 209, 122 Pac., 969, and cases from other jurisdictions in which convictions have been sustained for attempts at robbery under circumstances somewhat similar to those here appearing. There are many like decisions of this court. *McEwing* v. *State,* 134 Tenn., 649, 185 S. W., 688, 689; *Rafferty* v. *State,* 91 Tenn., 655, 16 S. W., 728; *Hayes* v. *State,* 83 Tenn. (15 Lea), 64.

Our decisions construe the statute contained in section 10801 of the Code as follows:

"If any person assault another, with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or, in the discretion of the jury,

by imprisonment in the county workhouse or jail not more than one year, and by fine not exceeding five hundred dollars.''

Our decisions point out that the attempt, under this statute, need not necessarily be by assault, or with violence, but may be ''otherwise'' or by other means. Thus one may be convicted of an attempt to commit larceny (*Hayes* v. *State, supra*), and of an attempt to obtain money under false pretenses (*Rafferty* v. *State, supra*), and of an attempt to violate the age of consent law (*McEwing* v. *State, supra*). As said in *McEwing* v. *State*: ''There must be some overt act, evidencing, not only a purpose to commit the crime, but indicating the beginning of its execution. There is some difference of opinion as to what acts indicate the commencement of the perpetration of the crime, as distinguished from mere acts of preparation for its commission. As to such a matter it is clear that every case must be considered on its own facts.''

We apprehend that all the cases relied on by the State, in which there were convictions for attempts to commit felonies, consider statutes with provisions similar to those of section 10801 of the Code.

A conviction of the plaintiffs in error under section 10801 of the Code might very well be sustained on the proof before us. A violation of that section of the Code is no doubt included in the second count of this indictment. We cannot, however, hold the plaintiffs in error guilty of the attempt which constitutes the offense of bank robbery under chapter 128 of the Public Acts of 1925.

The judgment of the court below must be reversed, and the case remanded for proceedings against the plaintiffs in error under section 10801 of the Code.