RICE *et al. v.* STATE.

(*Knoxville,* September Term, 1935.)

Opinion filed Nov. 23, 1935.

See, also, 166 Tenn., 571, 64 S. W. (2d), 19.

McNabb & Porter, of Newport, and Barnes & Lewis, of Johnson City, for plaintiffs in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

This case was before the court at the September term, 1933, at Knoxville, and was reversed and remanded with directions. 166 Tenn., 571, 64 S. W. (2d), 19, 21. Plaintiffs in error had been convicted under the second count of the indictment, charging bank robbery, based on section 10804 of the Code, and given a maximum sentence of forty years in the state penitentiary. They were acquitted under the first count of the indictment, charging housebreaking. Section 10804 of the Code is as follows:

"It shall be unlawful for any person to feloniously enter any banking house or place where moneys are kept on deposit and securities of any value deposited for safe-keeping and by violence or putting in fear any person therein charged with the custody, care, or keeping of such money or securities of any value, to feloniously take and remove or attempt to take and remove from such banking house any such moneys or securities of any value; and any person so doing shall be deemed guilty of the crime of bank robbery."

The proof failed to show that any violence was offered to any one or that there was any effort to put any one in fear by the plaintiffs in error, and the conviction under this statute could not, therefore, be upheld. The material

facts of the case are set out in the opinion of the court and need not be repeated here. In remanding the case for further proceedings, the court said:

"A conviction of the plaintiffs in error under section 10801 of the Code might very well be sustained on the proof before us. A violation of that section of the Code is no doubt included in the second count of this indictment. We cannot, however, hold the plaintiffs in error guilty of the attempt which constitutes the offense of bank robbery under chapter 128 of the Public Acts of 1925 [Code, section 10804].

"The judgment of the court below must be reversed, and the case remanded for proceedings against the plaintiffs in error under section 10801 of the Code."

Section 10801 of the Code is as follows:

"If any person assault another, with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one year, and by fine not exceeding five hundred dollars."

Upon the remand, plaintiffs in error were again put upon their trial, under the second count of the indictment, under section 10801 of the Code, for the attempt on the part of the plaintiffs in error to violate the statute (Code, section 10804) covering bank robbery, and were convicted of an attempt to commit a felony, their punishment being fixed at three years' confinement in the state penitentiary. From an order overruling their motion for a

new trial, plaintiffs in error have duly appealed to this court.

There is no material difference between the facts of the case upon this appeal and upon the former appeal.

Plaintiffs in error entered a special plea of former acquittal and former jeopardy, wherein it was alleged that at a former term of court they were put to trial on the charge of burglary and bank robbery and attempted bank robbery, and were acquitted of the offense of burglary, but convicted of the offense of bank robbery and the attempt to commit bank robbery, and on appeal to the Supreme Court of Tennessee, that court held that they were not guilty under the second count of the indictment of the offense of bank robbery and of the attempt to commit bank robbery. They further alleged that the attempt to again try them, under the same identical indictment, was in violation of article 5 of the Amendments to the Constitution of the United States, and also in violation of section 10 of article 1 of the Constitution of the state of Tennessee. The trial court overruled said plea, and likewise overruled a motion for a directed verdict in favor of plaintiffs in error based upon the same contention as was made in said plea.

The different assignments of error overlap and several of them are based on certain portions of the charge of the court. We will not attempt a discussion of them separately, but will discuss them as a whole in so far as it is practicable.

Two principal questions are made by the assignments of error: First, whether or not the second count of the indictment included by implication of law the offense of an attempt to commit a felony punishable by imprisonment in the penitentiary, as defined in section 10801 of

the Code; and, second, whether or not the acquittal of the plaintiffs in error of the first count of the indictment, charging housebreaking, and the finding of this court that they were not guilty under the second count of the indictment of bank robbery and attempt to commit bank robbery, operated to acquit them of the offense of attempt to commit a felony, under section 10801.

As stated by this court in its opinion rendered on the former appeal: "A violation of that section of the Code [10801] is no doubt included in the second count of this indictment." We think the court was correct in this holding.

Plaintiffs in error got nothing from the bank. Under section 10804 of the Code the attempt to take and remove and the removal of the bank's money are put on the same plane. Either constitutes the offense of bank robbery, if the effect is accompanied by violence or putting in fear the person having charge of the bank's valuables. The former conviction was reversed by this court because the proof failed to show any violence or putting in fear. But, without these elements of violence or putting in fear the person having custody of the bank's money, had plaintiffs in error succeeded in taking and removing any of the money or securities of the bank they would have been guilty of larceny, a crime punishable by imprisonment in the penitentiary. Or, if they attempted to take and remove any of such property, without violence or putting in fear, they would have been guilty of an attempt to commit larceny, an offense under section 10801. A larceny or attempted larceny is necessarily included in the offense charged in the second count of the indictment. If either of these offenses be committed by violence or putting in fear the custodian of

the property, then the higher crime of bank robbery or attempted bank robbery is committed. If committed without violence or putting in fear, then the lesser crime of larceny or attempted larceny is committed.

The indictment plainly charges that plaintiffs in error "did unlawfully and feloniously take and remove and attempt to take and remove from said banking house said moneys and securities." This charge includes the elements of larceny and attempted larceny. An acquittal under the second count of the indictment would have constituted a bar to an indictment for larceny or attempted larceny. *State* v. *De Graffenreid*, 9 Baxt. (68 Tenn.), 287; *Patmore* v. *State*, 152 Tenn., 281, 284, 277 S. W., 892. Thus, it is apparent that the offense of larceny and attempted larceny is included in the charges made by the second count of the indictment.

Under our statute, section 11758 of the Code, it is provided:

"Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

This section is very broad and comprehensive in its terms and specifically authorizes the conviction of the accused of any offense which is necessarily embraced in that charged in the indictment. *Lancaster* v. *State*, 144 Tenn., 21, 229 S. W., 150.

We must answer the two questions above mentioned: First, that the indictment does include by im-

plication of law the offense of an attempt to commit larceny, a felony punishable by imprisonment as defined in section 10801 of the Code; second, that the acquittal of plaintiffs in error under the first count of the indictment, and the finding by this court that they were not guilty of bank robbery or attempted bank robbery, does not operate to acquit them of the attempt to commit the offense of attempted larceny.

The trial court in the charge to the jury, among other things, said:

"The state insists that the defendants at the time and place alleged in the indictment were attempting to commit bank robbery or an attempt to commit bank robbery, which crime or crimes is a felony. So that if in this case the proof should convince you beyond a reasonable doubt that the defendant did in this county and on the date alleged in the indictment in this case assault W. J. Propst with intent to commit, or did otherwise attempt to commit a felony, namely bank robbery, or attempt to commit bank robbery, then you should convict them, otherwise you should acquit them," etc.

We think this was error. The plaintiffs in error could not be convicted of an attempt at bank robbery because that offense is included in section 10804 of the Code, and this court had held on the former appeal that the identical proof as that adduced on the second trial did not show the essential elements of violence or putting in fear the custodian of the property. The case was specifically remanded with directions to proceed under section 10801 of the Code. This direction necessarily excluded proceeding against them under section 10804. The attempt for which plaintiffs in error could be proceeded against was necessarily an attempt to commit an offense

other than an attempt to commit bank robbery. The only offense necessarily included in that with which plaintiffs in error were charged is the attempt to commit larency, and for this offense alone could they be properly put on trial.

For this error, the case must be reversed and remanded, with directions to proceed against plaintiffs in error on the charge of an attempt to commit larceny.