## DeLacy *v.* The State.

CRIMINAL LAW. *Indictment for larceny. Conviction for an attempt to commit the same may be had. When.* Where the prisoner is indicted for larceny in stealing. the pocket book and money of A, if he be not guilty of the larceny, a conviction of an attempt to commit the same may be had upon such an indictment, though the latter offense is a distinct one in itself, without conflicting with the rule which forbids the charging of two substantive felonies in one count; nor is it, by being a separate crime, hostile to the principle of conviction for a lesser degree of the greater offense charged in the indictment.

Code cited: Secs. 4130, 5222.

### FROM HAMILTON.

Appeal from the Chancery Court. D. M. KEY, Chancellor.

No counsel marked for plaintiff.

LEWIS SHEPHERD for defendant.

McFARLAND, J., delivered the opinion of the court.

The prisoner was indicted for larceny in stealing the pocket book and money of F. H. Newman. The jury found that he was not guilty of the larceny, but was guilty of an attempt to commit the larceny, and fixed his punishment at three years in the penitentiary. Motion for a new trial and in arrest of judgment and for the prisoner's discharge was made and overruled, and judgment rendered in accordance with the verdict.

Sec. 4630 of the Code enacts, "If any person assault another with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding five hundred dollars, at the discretion of the jury." It is not denied that under this section the attempt to commit a larceny is an offense which may be punished as provided, but the argument is that the prisoner could not be convicted of this substantive felony under an indictment for larceny.

Sec. 5222 enacts that "upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense, and the defendant may also be found guilty of any offense, the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

The language of this section in express terms includes cases like the present. It says the defendant may be convicted of an attempt to commit the offense, the commission of which is charged, and the case is also clearly included within the latter clause of the section. An attempt to commit a larceny is necessarily included in the commission of the offense

It would be impossible to commit the offense without first attempting it.  It is argued that as it has been repeatedly held that an indictment charging two substantive and distinct felonies in the same count is bad, it would be inconsistent to hold that under a count charging one felony the defendant may be convicted of either of two felonies; but this may be done in the cases specified by the express provision of the statute, and no substantive or useful rule is violated thereby.  The object of the law is to give the defendant notice of the offense he is called upon to meet. He has in this case due notice of the very offense he is called upon to answer.  He was charged at a specified time and place of stealing and carrying away certain property of the prosecutor.  For this he was tried, and of this he was convicted, but under the charge of the court it did not amount to larceny, but only an attempt to commit the offense.  The requirements of the Constitution and laws that the defendant shall have due notice by indictment has been fully met.

The conviction was proper, and the judgment will be affirmed.