STATE OF TENNESSEE ex rel. WOODROW WILSON WOOTEN

*v.*

LYNN BOMAR, Warden, etc.

352 S. W. 2d 5.

(*Nashville,* December Term, 1961.)

Opinion filed October 20, 1961.

Rehearing Denied December 8, 1961.

Ed R. Davies, Nashville, for plaintiff in error.

Henry C. Foutch, Assistant Attorney General, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This suit is based on a petition for *habeas corpus* by plaintiff in error. The plaintiff in error was convicted of burglary with explosives under Section 39-906, T.C.A., and sentenced the minimum sentence under that Section to twenty-five (25) years in the State penitentiary. On appeal this conviction was affirmed, as is shown in the reported case in 203 Tenn. 473, 314 S.W.2d 1.

The petition herein is bottomed on the proposition that the Code Section on which the indictment in the first instance is based (sec. 39-906, T.C.A.) was impliedly repealed some two years before the indictment herein was found by Chapter 321 of the Public Acts of 1955, which Act was an amendment to now Code Section 39-904.

Section 39-904, the Section which was amended by the Acts of 1955, is a section defining burglary in the third degree and fixing a penalty therefor. The amendment

broadens this Section defining burglary in the third degree to the extent that if a burglar "opens or attempts to open any vault, safe, or other secure place by any means," then he shall be punished by imprisonment of not less than three (3) years nor more than twenty-one (21) years. The language of this Section "by any means" is what the plaintiff in error contends to be a repeal of Section 39-906, the one on which this conviction and indictment was based. The argument is that this Section repeals it because by use of the language "by any means" that this includes burglarizing with explosives therefore since the penalty for this crime, burglarizing a safe "by any means" is fixed from three (3) to twenty-one (21) years thus the Section of the Code wherein one is convicted for burglarizing with explosives the penalty is fixed at a minimum of twenty-five (25) and a maximum of forty (40) years, and that by the use of this language that the Legislature impliedly repealed the Code Section under which this indictment was based.

In order to properly answer the question embraced it is necessary for us to consider the entire Chapter in the Code (Chapter 9, entitled "Burglary"). When we do so it very clearly appears as to what the purpose and object of the legislation is and what it intends to do so that we can give this legislation and the existing statutes a fair consideration and determine what was meant by the legislation.

Section 39-901, T.C.A. (the first of the Sections under the Chapter entitled "Burglary"), is a statutory definition defining burglary and fixing the penalty for those guilty of violating this general statute. This Section of

the Code is nothing more than a common-law definition of burglary. *Davis v. State,* 43 Tenn. 77.

The next and following Section of the Code in this Chapter is entitled "Breaking after entry" and fixes the punishment of one who does the same as if he had broken into the premises in the first instance, as defined in the preceding Section 39-901.

The next Section 39-903, T.C.A., defines burglary in the second degree and fixes the penalty for one violating this Section. It is noticed that second-degree burglary is confined to a dwelling-house by day in an attempt to commit a felony.

The following Section 39-904, T.C.A., the one that is here amended by Chapter 321, Public Acts of 1955, is burglary in the third degree, which is the breaking and entering of any house except a dwelling house. It is noted that the preceding Section is for entering a dwelling house. This Statute fixes the penalty from three (3) to ten (10) years, while the second degree, the preceding section, fixed the punishment from three (3) to fifteen (15) years. Then in the following Section of the Code the Legislature saw fit to define the breaking and entering into of vehicles and things of that kind and to make one doing so guilty of burglary and fixing the penalty for this offense the same as for burglary in the third degree. Then follows the Section of the Code, sec. 39-906, T.C.A., under which plaintiff in error herein was convicted in the first instance, and this Section, which says that "Any person duly convicted of burglary with explosives" shall be punished for a minimum of twenty-five (25) years, is an entirely different classification from those heretofore mentioned. This

Section of the Code, burglary with the use of explosives, is the most aggravating circumstance under which burglary could be committed and under all the statutes in the various states that have it, as far as we can find (statutes for the use of explosives), impose the most severe penalties of any form of burglary.

■ Common law did not recognize such a classification and made no distinction for the use of explosives in burglary, therefore the commission of a burglary by use of explosives is not a common-law action, but purely statutory. *United States v. Brandenburg,* 144 F.2d 656, 154 A.L.R. 1160.

The following Section in the Code, sec. 39-907, T.C.A., "shows that an intent on the part of the Legislature that the numerous offenses referred to in the Code Sections in question should be regarded as degrees of the offense of burglary." *Ledger v. State,* 199 Tenn. 155, 285 S.W.2d 130, 132.

The last two Sections of this Chapter of the Code fix penalties for carrying burglarious instruments and for the manufacture or possession of explosives for burglarious purposes.

■ Thus it is when we come to consider these various statutes clearly to our mind they have all been framed by the Legislature as the Legislature had the right to do, to make degrees of burglary. Thus it is the higher offense is limited to cases where human life might be endangered. At common law, burglary was regarded as an offense against the habitation. A dwelling house, of course, included a common-law house regularly occupied as a dwelling and it did not lose its character by the temporary absence of the occupant.

The 1955 Act which is claimed to have, by its language, impliedly repealed the Section of the Code under which this indictment was based is nothing more by its very terms than an amendment to the definition and penalty of burglary in the third degree. It in nowise attempts to say anything about, or have anything to do with, the more serious or aggravating offense of burglary with explosives. An examination of the House Journals, etc., shows that clearly this Act was merely an amendment to this definition and penalty for burglary in the third degree. It did not in any way have reference to burglary as such, burglary in the second degree, or burglary of vehicles, or any of these other things, but was clearly limited to the part of the Code wherein it was fixed as an amendment to burglary in the third degree.

It seems to us that the language is too plain to admit of any serious difficulty as to its meaning, especially when we view it as hereinabove.

The crime of burglary being a felony, it was entirely proper for the Legislature to impose any penalty they saw fit for burglarizing a place with explosives. The Legislature had it within its power to impose and fix a larger penalty for burglary with explosives than burglary in other degrees hereinbefore set forth. It seems to us that so construed the statute is reasonable, and the legislative intent is made clear.

The preceding degrees of the crime of burglary are separate and distinct from burglary with explosives as created by Section 39-906, T.C.A., the one under which this indictment was predicated.

The Oklahoma courts say that "the crime of burglary by the use of explosives is a statute of classification where-

by one who commits burglary with explosives receives a more serious punishment than one who commits burglary without the use of explosives." *Hobson v. State,* Okl.Cr., 280 P.2d 735, 738. This court cites previous decisions of the court, citing *Ex parte Bailey,* 55 Okl.Cr. 99, 25 P.2d 718, wherein that court held in a very similar case to the one now before us that since it was a statute classification rather than of degrees as we call it in our State there was no conflict between the statute fixing a larger penalty when explosives were used and a statute defining or classifying burglary of a lesser degree.

Regardless of what you call it, whether degree or classification, clearly from what we have herein before said, there was no repeal of the Section under which this conviction was had, either by implication, directly or any other way. In any way that we can consider the matter we must try to arrive at and determine what was the intention of the Legislature in enacting this 1955 Act. Clearly without a shadow of a doubt the intention was to amend burglary in the third degree and not to affect the others. Consequently the judgment below must be affirmed.

## On Petition to Rehear

There has been filed herein a courteous, respectful and dignified petition to rehear. After thoroughly considering this petition and the authorities therein cited, we have the matter for disposition.

To all intents and purposes the petition to rehear is simply an amplified argument on the questions heretofore so ably argued. Counsel cites some additional authorities, primarily recognized rules on statutory construction in support of this petition. We though after again con-

sidering the matter feel that the rules we cited and relied upon in our original opinion are the applicable rules to be applied.

■ All that we have held in this case is that the statute under which this conviction was based (sec. 39-906, T.C.A.) was merely a statute of classification or degree. Classification in law, that is, in the sense in which we here use the word, as in other branches of knowledge, is the grouping of things in speculation or practice because they agree with one another in certain particulars and differ from other things in the same particulars. Classification of crimes should be natural, not arbitrary, and should be as here made with reference to the heinousness of the crime, and not to matters disconnected therewith. The statute here referred to (sec. 39-906, T.C.A.) is such a statute, passed by the Legislature with reference to the heinousness of the crime, that is burglary with explosives. The amendment to the statute (sec. 39-904, T.C.A.) in no way affects the statute, sec. 39-906, which has particular reference to this heinous crime. This being true there could not in our judgment be any implied repeal of the heinous crime by an amendment to the statute covering a lesser crime.

After a full consideration we must overrule the petition to rehear.