Ned McGLOTHLIN, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Oct. 29, 1974.

Certiorari Denied by Supreme Court
March 3, 1975.

**52**

Paul R. Wohlford, Bristol, for plaintiff in error.

Milton P. Rice, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Kingsport, for defendant in error.

## OPINION

GALBREATH, Judge.

The defendant was convicted on one of three indictments charging burglary in the first degree. Punishment of from five to eight years in prison was fixed by the jury. He had been previously convicted on his pleas of guilty to the three indictments of third degree burglary and sentenced to consecutive terms in the penitentiary of from three to ten years. Upon successfully establishing that his pleas were entered under the mistaken impression that the sentences were to run concurrently the United States District Court for the Eastern Division of Tennessee ordered a new trial and the conviction under attack here resulted.

■ It is a primary insistence of the plaintiff in error that the increased sentence of not less than five years for the same activity formerly punished by a minimum sentence of not less than three years is impermissible. We agree, although not for the reasons set out in appellant's brief which depend for support on the rationale of the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89

S.Ct. 2072, 23 L.Ed.2d 656 as discussed by the United States District Court for the Middle District of Tennessee in Pendergrass v. Neil, 338 F.Supp. 1198 and the Sixth Circuit Court of Appeals at 456 F.2d 469 (1971). The restrictions against enhanced punishments on retrial following successful voidance of convictions on appeal have been held generally inapplicable to sentences imposed by juries vis a vis judges. Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714.

The basis for the greater minimum punishment in this case was not in any manner the result of vindictiveness on the part of either judge or jury prompted by the defendant's success in voiding the prior sentences. Rather it resulted from the law which fixes different minimum sentences for the offenses the defendant pleaded guilty to in the prior proceeding (burglary in the third degree—three years) and the offense specified in the indictment for which the jury in this litigation found guilt (burglary in the first degree—five years). Based on the criterion of punishment, the offense of first degree burglary is a greater offense than third degree burglary. This is logical since the unlawful entry into a dwelling house in the nighttime is generally regarded as more fraught with risk to the owners or occupants of such premises than is the felonious entry into a business establishment.

■ In a divided opinion of this Court in which Judge Oliver strenuously dissented, it was held that third degree burglary is an included offense under an indictment charging first degree burglary. See Silvers v. State, unpublished, Sullivan County, Tenn.Crim.Apps., filed April, 1968. The conviction under the indictment for third degree burglary would work as an acquittal of any higher degree of criminality embraced in the indictment.

"In many States it is held that a verdict of guilty of a lesser included offense on an indictment charging a more serious crime is an acquittal of all

grades of the offense above that of which the defendant was found guilty. Authorities from many States are collected in 61 A.L.R.2d 1141. Since 1957, with the decision of Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199, this has become the rule in the Federal Courts. This rule has obtained in Tennessee from the beginning of our jurisprudence, State v. Norvell, 10 Tenn. 24, to the present time, Saunders v. State, 208 Tenn. 347, 345 S.W.2d 899."

King v. State, 216 Tenn. 215, 391 S.W. 2d 637.

■ Even if not an included offense the conviction for third degree burglary would make invalid infliction of punishment based on prosecution for a greater offense under a recent decision of the United States Supreme Court. In Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed. 2d 628 the conviction was for a misdemeanor and the defendant sought to pursue his right to appeal and a trial de novo. In the subsequent prosecution the offense charged was a felony based on the same activity; the misdemeanor, assault with a deadly weapon, was altered after appeal to assault with intent to kill, a felony. Although the situation here involved two felonies, inasmuch as one is of a more serious nature carrying a more severe minimum punishment, the same rationale should and does govern both cases. In *Blackledge,* the United States Supreme Court said:

"The *Pearce* decision was again interpreted by this Court last Term in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, in the setting of Georgia's system under which sentencing responsibility is entrusted to the jury. Upon retrial following the reversal of his original conviction, the defendant in *Chaffin* was reconvicted and sentenced to a greater term than had been imposed by the initial jury. Concentrating again on the issue of vindictiveness, the Court found no violation of the *Pearce* rule.

It was noted that the second jury was completely unaware of the original sentence, and thus could hardly have sought to 'punish' Chaffin for his successful appeal. Moreover, the jury, unlike a judge who had been reversed on appeal, could hardly have a stake in the prior conviction or any motivation to discourage criminal defendants from seeking appellate review. Hence, it was concluded that the danger of vindictiveness under the circumstances of the case was '*de minimis,*' id., 412 U.S. at 26, 93 S.Ct. at 1982, and did not require adoption of the constitutional rule set out in *Pearce.*

"The lesson that emerges from *Pearce,* *Colten,* [Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584] and *Chaffin* is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a likelihood of 'vindictiveness.' Unlike the circumstances presented by those cases, however, in the situation here the central figure is not the judge or the jury, but the prosecutor. The question is whether the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case. We conclude that the answer must be in the affirmative.

"A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial *de novo* in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defend-

**54**

ants will brave the hazards of a *de novo* trial.

"There is, of course, no evidence that the prosecutor in this case acted in bad faith or maliciously in seeking a felony indictment against Perry. The rationale of our judgment in the *Pearce* case, however, was not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, we emphasized that 'since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.' 395 U.S., at 725, 89 S.Ct., at 2080. We think it clear that the same considerations apply here. *A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one,* thus subjecting him to a significantly increased potential period of incarceration. Cf. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138.

"Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him at the trial *de novo*." (Emphasis supplied.)

We conclude that McGlothlin should not have been tried for burglary in the first degree. His prosecution should have been limited to the less serious crime for which he had pleaded guilty and successfully invalidated in subsequent litigation.

We have carefully considered the other assignments of error and find them to be without merit.

It results that the judgment should be set aside and the case remanded for a new trial for burglary in the third degree.

OLIVER, and DWYER, JJ., concur.

DWYER, Judge (concurring).

While agreeing with my colleague, Judge Galbreath, in remanding for a new trial on burglary in the third degree, a problem may be readily apparent. The presentment here accuses the defendant with committing the offense of burglary, T.C.A. § 39–901, by unlawfully entering a dwelling house. However, burglary as defined in T.C.A. § 39–901 is a generic term embracing T.C.A. § 39–903 and T.C.A. § 39–904, see Cronan v. State, 113 Tenn. 539, 543, 82 S.W. 477; Chapple v. State, 124 Tenn. 105, 112, 135 S.W. 321. Therefore, the fact that the presentment alleges a dwelling house does not, by virtue of T.C.A. § 39–907, confine the jury's deliberation within that allegation. In short, the offense is burglary, the degrees are the punishment.

OLIVER, Judge (dissenting).

The Sullivan County Grand Jury returned three separate first degree burglary indictments, the punishment for which is imprisonment in the pentitentiary not less than five nor more than 15 years. (TCA § 39–901). As a result of plea-bargaining, the defendant entered a plea of guilty of third degree burglary in each case and received three consecutive sentences of three to 10 years. (TCA § 39–904).

Thereafter, the defendant attacked his three third degree burglary convictions collaterally in a post-conviction petition charging that his guilty pleas were not made voluntarily and with full understanding of the consequences and that he understood he would receive three concurrent sentences of three to nine years. Upon his appeal to this Court from the judgment of the trial court dismissing his post-conviction petition after an eviden-

tiary hearing, the judgment of the trial court was affirmed, with the author of this opinion dissenting. After denial of certiorari by our Supreme Court, McGlothlin's habeas corpus petition filed in the United States District Court for the Eastern District of Tennessee, Northeastern Division, was sustained by the District Judge who held that the defendant's three guilty-plea third degree burglary convictions were constitutionally void because "it appears from the record that such pleas were not made with a full understanding of the consequences. Such pleas, therefore, violated the applicant's federal right to due process of law." However, the District Judge deferred issuance of the writ to give the State opportunity to re-arraign McGlothlin in the Sullivan County Criminal Court.

At the retrial upon the same three first degree burglary indictments, the jury acquitted him in two of the cases and convicted him of first degree burglary in the other case, for which he was sentenced to not less than five nor more than eight years in the penitentiary. (TCA § 39–901). It is from this conviction that he now appeals to this Court. In this last trial he entered a written plea of former jeopardy, and renewed that insistence in his motion for a new trial and in one Assignment of Error here.

It is fundamental that an accused is not placed in jeopardy by a void trial. Stubbs v. State, 216 Tenn. 567, 393 S.W.2d 150; Dunbar v. State, 4 Tenn.Cr.App. 310, 470 S.W.2d 846; Beard v. State, Tenn.Cr.App., 485 S.W.2d 882; Rivera v. State, 1 Tenn. Cr.App. 395, 443 S.W.2d 675; Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412. The law is settled that when a convicted person procures a judgment of conviction to be set aside by instituting and successfully prosecuting a petition for the writ of habeas corpus, and succeeds in having the judgment of conviction voided, he may not plead the constitutional proscriptions against double jeopardy to avoid a retrial upon the original indictment or for the same offense. The retrial is a continuation of the original proceeding. Stubbs v. State, supra; Patten v. State, 221 Tenn. 337, 426 S.W.2d 503; Rivera v. State, supra, and cases therein cited.

It is also settled, upon cognate principle, that no double jeopardy is involved by a retrial of a defendant after reversal of his original conviction. Rivera v. State, supra; State ex rel. Pinkard v. Henderson, 2 Tenn.Cr.App. 240, 452 S.W.2d 908 and authorities therein cited by the Court; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627. Also pertinent is another statement of this legal principle in 24B C.J.S. Criminal Law § 1951, p. 395:

"The reversal of a judgment or order in a criminal case ordinarily leaves the proceeding in the same situation in which it stood before the judgment or order was made; and the effect of a general and unqualified reversal is to nullify the prior proceedings completely and to leave the case as though judgment and sentence had never been rendered, but allowing the indictment to stand."

Evasion of the foregoing established legal principles in this case by arguing the rule of exception that a retrial on the original charge after reversal of conviction of a lesser included offense is constitutionally prohibited as double jeopardy, is considered impermissible. While that exception is equally as well established as the rule itself, King v. State, 216 Tenn. 215, 391 S.W.2d 637; Johnson v. State, 217 Tenn. 234, 397 S.W.2d 170; Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300; Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, its application in this case upon the premise that third degree burglary is a lesser included offense of first degree burglary is untenable, in my view.

The first count of the indictment, the only one material here, charged that on May 13, 1970 the defendant "did unlawfully and feloniously break and enter a dwelling house during the nighttime, the property of E. W. McConnell with the felonious

intent to commit a felony therein to-wit: larceny of two green lanterns and other felonies unknown to the grand jury." The proof abundantly established that during the night of 13 May 1970 the defendant broke into Mr. McConnell's summer home located at Boone Lake in Sullivan County and stole two green lanterns. Unquestionably, this indictment was predicated upon TCA § 39–901, which at that time provided as follows:

"Burglary—Penalty.—Burglary is the breaking and entering into a dwelling-house, by night, with intent to commit a felony. Every person convicted of this crime shall be imprisoned in the penitentiary not less than five (5) years nor more than fifteen (15) years."

Third degree burglary is defined in TCA § 39–904 as follows:

"Burglary in third degree—Safe-cracking—Penalty.—Burglary in the third degree is the breaking and entering into a business house, outhouse, or other house of another, *other than dwelling house,* with the intent to commit a felony. Every person convicted of this crime shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years." (Emphasis supplied).

Aside from the fact that TCA § 39–904 defining third degree burglary *expressly* excludes burglary of dwelling houses, the very nature of the respective properties precludes the idea that breaking and entering a business establishment is a lesser included offense of the crime of breaking and entering a dwelling house. TCA § 40–2520 defines a lesser included offense as *"any offense the commission of which is necessarily included in that with which he is charged,* whether it be a felony or misdemeanor." That definition simply expresses the whole legal concept of lesser included offenses; *they are offenses whose every essential element is necessarily included in the essential elements of the offense charged*; and they are less or smaller than and inferior to the offense charged. "The infallible test for determining whether a given offense is lesser than and included in the one charged, is that the lesser included offense must be such that it is impossible to commit the greater without first having committed the lesser." Yearwood v. State, 2 Tenn.Cr.App. 552, 561, 455 S.W.2d 612, 616. The following cases, among many others, illustrate this principle: Carden v. State, 40 Tenn. 267 (assault and battery is a lesser included offense of mayhem); DeLacy v. State, 67 Tenn. 401 and Laury v. State, 187 Tenn. 391, 215 S.W.2d 797 (attempt to commit larceny is necessarily included in an indictment for larceny); Rice v. State, 169 Tenn. 355, 87 S.W.2d 1012 (larceny and attempted larceny are lesser included offenses of robbery and attempt to rob); Turpin v. State, 173 Tenn. 138, 114 S.W.2d 953 (possessing whiskey is necessarily included in the offense of transporting whiskey); Jones v. State, 128 Tenn. 493, 161 S.W. 1016 and Templeton v. State, 146 Tenn. 272, 240 S.W. 789 (the lower grades of homicide, assault with intent to murder, assault and battery, and simple assault are all necessarily included in a charge of murder); Strader v. State, 210 Tenn. 669, 362 S.W.2d 224 (assault and battery, assault and battery with intent to commit rape, and assault with intent to commit a felony are all lesser offenses necessarily included in a charge of rape, as is the offense of attempt to commit rape); Jones v. State, 200 Tenn. 429, 292 S.W.2d 713; Grindstaff v. State, 172 Tenn. 77, 110 S.W.2d 309 (unlawfully carrying a pistol is not a lesser included offense of murder because it is not necessarily included in such a charge—homicide may be committed by other means).

Thus, in order to commit burglary of a dwelling house (TCA § 39–901), it is manifestly unnecessary first to burglarize "a business house, outhouse, or any other house of another, *other than dwelling-house."* (TCA § 39–904). It would appear perfectly obvious, therefore, that commission of first degree burglary

(TCA § 39–901) does not necessitate or involve prior commission of third degree burglary (TCA § 39–904). Surely, each offense is wholly separate and distinct from the other, each by nature and statutory definition excluding the other. Clearly, proof that one charged with third degree burglary (TCA § 39–904) broke into and entered a dwelling house at night with felonious intent (TCA § 39–901) would not sustain a third degree burglary conviction. The offense of third degree burglary can only be established by proof that the accused broke into a building specified in TCA § 39–904 with the requisite intent to commit a felony therein. Hindman v. State, 215 Tenn. 127, 384 S.W.2d 18.

In my judgment, therefore, the contention that third degree burglary is a lesser included offense of first degree burglary is unsustainable, notwithstanding a contrary holding in an opinion by a majority of this Court in George Lavern Silvers, Jr. v. State, filed at Knoxville July 17, 1968. In that case the majority based its opinion upon (1) TCA § 39–907 and (2) Ledger v. State, 199 Tenn. 155, 285 S.W.2d 130.

TCA § 39–907 provides:

"Any person indicted for burglary may be convicted under any of the preceding sections of this chapter; and any person indicted under these sections, where another felony is included in the charge, may be convicted for such felony."

Ledger v. State, supra, did not involve an indictment for third degree burglary. Instead, the first count of the indictment, the only one material to the subject under consideration here, charged Ledger and another with feloniously and forcibly breaking and entering the "mansion house" of Hazel Talley in the nighttime with the intent to commit the felony of larceny. The jury found the defendants "guilty of burglary" and fixed their punishment at three years in the penitentiary. In that case, because there was no proof that the dwelling house was entered in the nighttime, the Supreme Court held that the jury convicted the defendants of second degree burglary (burglary of a dwelling house in the daytime for which the minimum punishment is penitentiary imprisonment for three years (TCA § 39–903), and affirmed by holding that second degree burglary is a lesser included offense of first degree burglary. It is to be noted, although not considered to be of any overriding significance at this time, that at the time of the *Ledger* decision the statute now codified as TCA § 39–907 used the word *either* instead of *any*. The Court said:

"The Section above quoted [TCA § 39–907] shows that an intent on the part of the Legislature that the numerous offenses referred to in the Code Sections in question [TCA §§ 39–901 and 39–903] should be regarded as degrees of the offense of burglary.

"Evidently Code Section 10912 [TCA § 39–903] was to cover all cases of burglary not covered by Section 10910 [TCA § 39–901]."

It is clear, then, that the Court simply construed TCA § 39–907 to mean only that TCA § 39–903 was to cover all cases of burglary not covered by TCA § 39–901, and did not say or imply that a person may be indicted for "burglary" only and may be convicted, depending upon the proof, of either first degree, second degree or third degree burglary. In other words, the Court did not intimate in *Ledger* that the identifying specifics spelled out in TCA §§ 39–901, 39–903 and 39–904 are not required in indictments for those offenses, respectively. The offense of third degree burglary is established when it is shown that the accused broke into a building specified in TCA § 39–904 with the requisite intent to commit a specified felony. Hindman v. State, supra.

For these reasons, I am unable to agree that in the case before us the defendant was improperly tried and convicted of first degree burglary and that the trial court's judgment should be voided, and that he should be granted a new trial for burglary in the third degree. The judgment of the trial court should be affirmed.