STATE of Tennessee, Appellee,

v.

Jessie David TEASLEY, III, Appellant.

Supreme Court of Tennessee,
at Knoxville.

Oct. 20, 1986.

Kenneth A. Miller, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Jane W. Young, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

COOPER, Judge.

The primary issue in this appeal is whether burglary in the third degree is a lesser included offense of burglary in the second degree. The Court of Criminal Appeals, in a split decision, held that it is. We affirm.

The record shows that the defendant entered a vacant apartment in the Bel-Air Apartments in Knoxville, and removed a stove and refrigerator. The indictment as returned by the grand jury charged the defendant with "burglary by breaking and entering a certain house of James Wallace, in the daytime, the same being a mansion house" with the intent to commit larceny. Prior to trial, the indictment was amended to change the victim's name from James Wallace to "Carmen Ellerbee."

At trial, over the defendant's objection, although referring to his action as being "by agreement," the trial judge tried the case as one of third degree burglary and instructed the jury only as to that crime. The defendant was found guilty and sentenced to serve not less nor more than three years in the state penitentiary.

The defendant insists his conviction was in error, that third degree burglary cannot be a lesser included offense of second degree burglary because the latter involves only dwelling houses, the former, buildings other than dwelling houses. Thus, the two crimes are members of two mutually exclusive sets. On the other hand, the state argues that third degree burglary is a less-

er included offense by virtue of its being a lesser degree of the generic crime of burglary and by virtue of legislative intent, particularly as displayed in T.C.A. § 39–3–407.

Section 39–3–407 presently provides that:

Any person indicted for burglary may be convicted under §§ 39–3–401—39–3–404, 39–3–406 or 39–3–702(a), and any person indicted under these sections, where another felony is included in the charge may be convicted for such felony.

The various "burglary" statutes are found primarily in Part 4 of Chapter 3 of Title 39 of the code. The first section, T.C.A. § 39–3–401(a) defines first degree burglary as breaking and entering into a dwelling house or other occupied dwelling place by night with the intent to commit a felony. Second degree burglary involves the same acts done during the day. T.C.A. § 39–3–401(a). Third degree burglary is the breaking and entering into a building other than a dwelling house with the intent to commit a felony. T.C.A. § 39–3–404(a)(1).

In *State v. Bomar*, 209 Tenn. 166, 352 S.W.2d 5 (1961), this court interpreted the statutes as statutes of classification or degree. After an overview of the entire part, the court had the following to say:

Thus it is when we come to consider these various statutes clearly to our mind they have all been framed by the Legislature as the Legislature had the right to do, to make degrees of burglary. Thus it is the higher offense is limited to cases where human life might be endangered.

\*     \*     \*     \*     \*     \*

Classification in law, that is, in the sense in which we here use the word, as in other branches of knowledge, is the grouping of things in speculation or practice because they agree with one another in certain particulars and differ from other things in the same particulars. Classification of crimes should be natural, not

arbitary, and should be as here made with reference to the heinousness of the crime, and not to matters disconnected therewith. 352 S.W.2d at 7, 8.

The court in Bomar also noted that T.C.A. § 39–3–407 (then § 39–907) confirmed its opinion that the offenses listed in the chapter were degrees of burglary.

In *McGlothlin v. State*, 521 S.W.2d 51 (Tenn.Crim.App.1974), the court was called upon to decide whether a defendant who had been convicted on guilty pleas to third degree burglary could be convicted of first degree burglary upon reversal and the granting of a new trial and receive an increased sentence. In determining that the later conviction for the more serious offense could not stand, the majority of the court panel accepted the fact that third degree burglary is a lesser included offense. The author of the principal opinion, Judge Galbreath, wrote:

Based on criterion of punishment, the offense of first degree burglary is a greater offense than third degree burglary. This is logical since the unlawful entry into a dwelling house in the nighttime is generally regarded as more fraught with risk to the owners or occupants of such premises than is the felonious entry into a business establishment. 521 S.W.2d at 52.

Judge Dwyer concurred, on the ground that under the statutes burglary is a "generic term." He concluded succinctly, "[t]he offense is burglary, the degrees are [merely] the punishment." *Id.* at 54.

In *Ledger v. State*, 199 Tenn. 155, 285 S.W.2d 130 (1955), the court held that where the prosecution is unable to prove that a burglary of a dwelling house occurred at night, as charged in a first degree burglary indictment, the defendant nevertheless can be convicted of committing a daylight, or second degree, burglary. As the "[c]ommission during the daytime is not an essential element of burglary in the second degree, but that this fact merely

refers to the offense as being committed during the day in order to distinguish it from the more severely punished offense [of first degree burglary.]" *Id.* at 131. Further, in referring to what is now T.C.A. § 39–3–407, the court emphasized that the statute shows "an intent on the part of the Legislature that the numerous offenses referred to in the Code Sections in question [those dealing with burglary] should be regarded as degrees of the offense of burglary." *Id.* at 132.

If a defendant charged with first degree burglary can be convicted of a lesser offense where the proof shows the offense actually occurred in the daytime, it follows in our opinion that if the allegation is that the building was a dwelling house and the proof reveals that it was abandoned or otherwise unoccupied at the time of the offense, the defendant can be convicted of the lesser offense of burglary in the third degree. This is in keeping with the legislative intent shown by the general organization of part 4 as noted in *State v. Bomar, supra;* by T.C.A. § 39–3–407; and by analogy to the reasoning of *Ledger v. State, supra.* The type of building entered is merely a circumstance surrounding the prohibited act which determines the seriousness of the offense for purposes of punishment. It is not an essential and mutually exclusive element of the crime of burglary as argued by the defendant.

The defendant included several other issues in his brief and argument. He questions the accuracy of the so-called missing witness charge, and rulings on the admission of evidence, the motion to disqualify the district attorney general's office from participation in the prosecution and the state's argument to the jury. The consideration of these issues was not the purpose of the grant of the application for permission to appeal. However, we have considered the issues and have concluded that no error was committed by the trial court or the Court of Criminal Appeals in ruling on these matters.

The judgment of conviction is affirmed. Costs of the appeal are adjudged against the defendant.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.