**STATE of Tennessee, Appellee,**

v.

**Ronald Wayne AVERY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 10, 1991.

**366**

A.C. Wharton, Jr., Shelby Co. Public Defender, Barry W. Kuhn, and John C. Hough, Jr., Asst. Public Defenders, Memphis, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Rose Mary Drake, Sp. Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen. and James C. Beasley, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

SUMMERS, Judge.

Appellant, Ronald Wayne Avery, presents this appeal as of right from his convictions for the offenses of burglary and grand larceny. The trial court entered

sentences of 15 years for the burglary conviction and 10 years for the larceny conviction; and the sentences were set to run consecutively. Appellant challenges the sufficiency of the evidence and the extent of the sentence.

On the evening of April 11, 1989, Linda Hamer was in her apartment at 1055 National in Memphis, Tennessee. During the early evening, she opened her front door because she heard voices. When Ms. Hamer opened the door she observed her brother and another man she did not recognize "bending over the doorknob" and "prying at the door" directly across from hers. Ms. Hamer's brother is the appellant in this case. The apartment the two men were trying to enter belonged to Charlotte James. Ms. James' apartment door was approximately 4 or 5 feet away from Ms. Hamer's front door.

After observing the two men prying at Ms. James' door, Ms. Hamer immediately went back into her apartment and closed her door. She looked out her kitchen window in order to determine whether Ms. James' car was in the parking lot. The car was not there, and Ms. Hamer accurately surmised that Ms. James was not in her apartment.

After a few minutes, Ms. Hamer heard a noise coming from her hallway. She testified that the noise sounded like Ms. James' door had been pried or knocked open. She could hear wood splitting. After about a minute, Ms. Hamer looked out the door and saw that Ms. James' apartment door was open. She again looked for Ms. James' car which was still absent from the parking lot. At this time Ms. Hamer called the police department and reported what she had witnessed.

At trial, Ms. James testified that she left her apartment on April 11, 1989 at approximately 7:00 p.m. and was gone for one or two hours. Upon her arrival, she was informed by her neighbor, Ms. Hamer, about the events of the evening; and she was told that the police department was on its way. She could see that the front door to her apartment had been destroyed. The lock was on the floor, and the door jamb had been split and knocked from the wall.

When the police department completed its investigation of the premises, Ms. James entered her apartment to find a 19-inch color television missing. She testified that the television was worth $350.00.

## SUFFICIENCY OF THE EVIDENCE

■ The first issue raised by appellant is whether the evidence was sufficient to support the jury's verdict finding him guilty of burglary in the first degree and grand larceny. We find the evidence to be sufficient.

Appellant presented no proof at trial; but on appeal, he does not dispute that he was the person observed by the witness, Linda Hamer, in the hallway on the night in question. He points out that no one observed him entering Ms. James' apartment or taking her television set. The police investigators did not find his fingerprints on the door or in the apartment. Furthermore, Ms. Hamer could not conclusively testify which one of the two men was actually prying at the apartment door. We are not persuaded by appellant's argument.

■ Certainly there is no eyewitness account of the entire commission of the crimes. The State was not required to present a witness who actually observed appellant break and enter the premises in order to meet its burden of presenting evidence sufficient to convict him. See *Ramsey v. State,* 571 S.W.2d 822 (Tenn.1978). Besides, Ms. Hamer did testify that she saw the men prying the lock of her neighbor's apartment door.

> For the offense of burglary, any penetration, however slight, of the space within the house by the defendant, or by any part of his body or by any instrument inserted for the purpose of perpetrating a felony therein, is a sufficient entry.

*State v. Crow,* 517 S.W.2d 753, 754 (Tenn. 1974) [quoting Wharton's Criminal Law and Procedure, Anderson Edition, § 421]. A jury is warranted in inferring that a

breaking and entering of a building containing valuable property is made with the intent to commit a larceny therein. See *Bennett v. State*, 530 S.W.2d 788 (Tenn. Crim.App.1975) and *Petree v. State*, 530 S.W.2d 90 (Tenn.Crim.App.1975). The inference that appellant was engaged in prying open Ms. James' door for the purpose of committing a felony is supported by the evidence that, immediately after this incident, a valuable television set was missing from the apartment.

■ Appellant correctly points out that on cross-examination, Ms. Hamer admitted that she was not certain whether it was appellant or the man with him who was actually prying at the door. Such confusion does not absolve appellant. Without regard to which man was doing the actual prying, both men were bending over the doorknob when Ms. Hamer opened her door. An aider and abetter to an offense is deemed a principal offender. T.C.A. § 39-1-303. The jury was properly instructed on the issue of aiding and abetting.

On appeal, a guilty verdict approved by the trial court accredits the testimony of the witnesses for the State. *State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832 (Tenn. 1978). When sufficiency of the evidence is challenged, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *State v. Williams*, 657 S.W.2d 405 (Tenn.1983).

Applying these standards, we find the record to include sufficient evidence to support the jury's guilty verdict on both counts of the indictment.

## SENTENCE

■ Although sentencing took place after November 1, 1989, the trial court applied the sentencing ranges that existed prior to the enactment of the Criminal Sentencing Reform Act of 1989. This is not an issue on appeal, although it was alluded to at the sentencing hearing. The primary reason for doing so was the agreement between the parties that the crimes took place prior to the enactment of the new sentencing law, and the punishment for committing the offense of grand larceny was more lenient under the old Act. See T.C.A. §§ 39-3-1104 (1982) and 40-35-118 (Supp.1989). See also T.C.A. § 40-35-117 (Supp.1989) (Commission comments). The parties on appeal do not contest the trial court's action in applying the old law for all sentencing issues.

The maximum punishment for burglary in the first degree is 15 years. T.C.A. § 39-3-401. The maximum punishment for grand larceny is 10 years. T.C.A. § 39-3-1104. The trial court found appellant to be a Range II offender, invoked the maximum sentence on both convictions, and ran the sentences consecutively. On appeal, appellant does not challenge the consecutive sentencing; but he does challenge the finding that he was a Range II offender and contends that his sentence was excessive.

We first address the Range II sentencing. The trial court believed appellant to be a persistent offender as that term is defined in T.C.A. § 40-35-106(a)(1) and (2) (Supp.1988). A persistent offender is defined by that statute to be a defendant who has received:

(1) Two (2) or more prior convictions for offenses the convictions for which occurred within five (5) years immediately preceding the commission of the instant offense; or

(2) Four (4) or more prior felony convictions for offenses the convictions for which occurred within ten (10) years immediately preceding the commission of the instant offense.

The proof adduced at the sentencing hearing in this case showed that appellant had been convicted of the following crimes on the dates shown:

| Date of Conviction | Offense |
| --- | --- |
| September 4, 1979 | 2nd Degree Burglary |
| September 4, 1979 | Petit Larceny |
| January 30, 1984 | 2nd Degree Burglary |
| January 30, 1984 | Sexual Battery |
| October 21, 1986 | 2nd Degree Burglary |
| October 21, 1986 | 2nd Degree Burglary |

The trial court properly found that appellant was a persistent offender because appellant had been convicted of two felonies within five years immediately preceding the commission of the instant offenses. Appellant had also been convicted of four or more felony offenses within ten years immediately preceding the instant offenses. We find appellant's argument with respect to this issue to be without merit.

■ Appellant next contends that the trial court erred in relying on an improper enhancement factor, resulting in the imposition of an excessive sentence. The maximum sentence was invoked for both convictions. The trial court found the following three enhancement factors to be present in this case:

1. The defendant has a prior history of criminal convictions or criminal behavior.

2. The defendant has a prior history of unwillingness to comply with the conditions of a sentence involving release in the community.

3. The defendant had no hesitation about committing a crime when the risk to human life was high.

T.C.A. § 40–35–111(1), (8) and (10). Appellant takes issue with the third enhancement factor that was applied.

The trial court found that both the larceny and the burglary were committed by appellant although the risk to human life was high. The State contends that this was a proper finding because first degree burglary "has inherent risks to human life," in that it involves the breaking and entering of a dwelling house at night with the intent to commit a felony. Such reasoning is misplaced. If the court based its decision to use T.C.A. § 40–35–111(10) as an enhancement factor solely because all first degree burglaries involve dwelling places and take place during the night, we believe that the court would be in violation of the spirit of that very statute. The legislature has prohibited the use of "necessary elements of the offense" as enhancement factors.

The State further attempts to support the trial court's decision to use this enhancement factor by referring to language used in *State v. Bomar*, 209 Tenn. 166, 352 S.W.2d 5 (1961) and *McGlothlin v. State*, 521 S.W.2d 51 (Tenn.Crim.App.1974). In *Bomar* the Court examined the legislative intent for creating different degrees of burglary. The Court stated, "The higher offense is limited to cases where human life might be endangered." 352 S.W.2d at 7. The *McGlothlin* Court explained that first degree burglary was a more severe crime and had a harsher punishment than the lesser degrees. The Court stated that this "is logical since the unlawful entry into a dwelling house in the nighttime is generally regarded as more fraught with risk to the owners or occupants of the premises...." 521 S.W.2d at 52.

■ By relying on the above authority, the State would have this Court focus on the crime of burglary in general rather than this defendant and the specific crime he committed. That is not a proper method of enhancing a sentence. Certainly there are factual scenarios where the enhancement factor in question would be perfectly applicable for a first degree burglary conviction. We believe that it would be inappropriate to hold that it is applicable in all such convictions. That is what the State is seeking in this case. It is our opinion that the enhancement factors enumerated by our General Assembly must be analyzed on a case-by-case basis. In order to affirm the trial court's use of T.C.A. § 40–35–111(10) as an enhancement factor, we must determine whether the record supports a finding that this appellant had no hesitation about committing an offense when there was a high risk to human life. The record in this case does not support such a finding.

■ Noticeably absent from the State's brief on appeal is any explanation or rationale for the use of this enhancement factor with regard to appellant's grand larceny conviction. Obviously the State is unable to argue that all grand larceny convictions are fraught with risk to human life and when reviewing the facts of this particular case we see that no human life was endangered whatsoever. Appellant was convicted for removing a television set from an unoccupied apartment. He did not use a

deadly weapon in committing this crime, and the record reveals that no victim was physically threatened or placed in fear during the commission of the act. We hold that the trial court erred in using T.C.A. § 40–35–111(10) as a means of enhancing appellant's larceny conviction.

After reviewing the entire record in this case, we agree with the applicability of the remaining two enhancement factors used by the trial court. Appellant does not direct this Court's attention to any mitigating factors, and our review of the record leads this Court to agree with the trial court that none exists. The issue of consecutive sentencing has not been raised; and after a review of the applicable law, we agree with the trial court that consecutive sentencing was appropriate in this case. A *de novo* review of the record leads this Court to conclude that appellant's sentence should be modified to consecutive sentences of fourteen years for the burglary conviction and nine years for the grand larceny conviction.

The convictions in this case are affirmed, and the sentences are modified accordingly.

BYERS, P.J., and BIRCH, J., concur.