# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1998

FILED

October 19, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9704-CR-00156** |
| Appellee, | ) | |
| | ) | |
| | ) | **OVERTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. LEON BURNS, JR.** |
| **SHIRLEY DOUBLE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal)** |

FOR THE APPELLANT:

JOHN C. HEATH
P. O. Box 737
Livingston, TN 38570

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

BILL GIBSON
District Attorney General

OWEN G. BURNETT
Assistant District Attorney
P. O. Box 706
Livingston, TN 38570

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Shirley Double was convicted by a jury on June 19, 1996 in the Overton County Criminal Court of aggravated burglary, theft over $1,000.00, conspiracy to commit aggravated burglary, and conspiracy to commit theft over $1,000.00. The four judgments were entered on October 1, 1996. As a Range I standard offender, Appellant received the following concurrent sentences and fines. (1) For the aggravated burglary conviction, Appellant was sentenced to six years incarceration with the Tennessee Department of Correction, received a $1,500.00 fine, and was ordered to pay $2,000.00 restitution to Mr. Gerald Windle, the victim. (2) On the conviction for theft over $1,000.00, the trial court sentenced Appellant to four years imprisonment and assessed a $250.00 fine. (3) For conspiracy to commit aggravated burglary, Appellant was sentenced to four years incarceration and fined $500.00. (4) On the conviction for conspiracy to commit theft over $1,000.00, the trial court sentenced Appellant to two years incarceration and imposed a $250.00 fine. Appellant presents the following issues for our consideration on this direct appeal: (1) whether the trial court erred in denying Appellant's motion for judgment of acquittal as to conspiracy to commit aggravated burglary and conspiracy to commit theft over $1,000.00; and (2) whether the evidence was insufficient to sustain Appellant's conviction for aggravated burglary.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

Mr. Gerald Windle, the victim, testified that he arrived at his home in Overton County at 9:00 P.M. on the night of April 28, 1995. As he entered his driveway, Mr. Windle saw two people running out of his home through French doors which led onto a patio. These people were later identified as Appellant and her co-defendant, Terry Hawn.[1] Mr. Windle stated that one of the individuals carried three rifles. Both Appellant and Mr. Hawn ran around the side of Mr. Windle's home. After retrieving a pistol from his truck, Windle pursued the pair on foot. Mr. Windle's daughter called 911 to report the incident. Terry Hawn evaded Mr. Windle, but Appellant did not. Windle directed Appellant to walk up an embankment and to lie down on the ground. Mr. Windle testified that a white truck backed into his driveway, and he prevented it from leaving. He directed the female driver[2] to exit the vehicle with her hands on her head and to lie down on the ground beside Appellant.

Mr. Windle stated that his French doors had been broken. Three rifles were taken from his gun cabinet. He estimated the rifles to have a total value of $2,200.00. Additionally, two calculators, with a total value of approximately $120.00, were taken from the Windle residence. Officers found the rifles and calculators lying in a ditch behind the house and wrapped in a T-shirt. Finally, Mr. Windle stated that neither Appellant nor her co-defendant had permission to be on his property.

Deputy Frank Dial with the Overton County Sheriff's Department testified that he and Deputy Michael Hamilton responded to the burglary call. Captain Greg Phillips, also with the Overton County Sheriff's Department, radioed Dial

---

[1] Appellant's and Mr. Hawn's cases were joined for trial.

[2] Ms. Patricia Cromer drove the truck. She was not tried for any offenses which she may have committed.

and Hamilton to look for a shirtless white male.  After driving approximately one mile, Deputies Dial and Hamilton spotted a male fitting Mr. Hawn's description.  The deputies pursued Hawn on foot and then apprehended him.

Captain Greg Phillips testified that upon arriving at the Windle residence, he observed Appellant lying on the ground.  Additionally, Captain Phillips noted that the patio doors had been broken open and that the interior of the home looked like a burglary scene.  He stated that a T-shirt was recovered in a ditch outside the house and that the shirt was wrapped around two calculators and three rifles.

Officer Phillips further testified that Appellant gave a statement at the sheriff's department after Captain Phillips administered <u>Miranda</u> rights.  In her statement, Appellant said that Patricia Cromer was driving the truck when Cromer, Appellant, and Terry Hawn pulled up to the house.  According to Appellant's statement, Patricia Cromer informed her that Jerry Hyder lived in the house.  Appellant got out of the truck and knocked on the door.  She heard a crash and fell and injured her leg.[3]

Appellant testified on her own behalf at trial.  She explained that in 1992, she suffered a severe leg injury in a motorcycle accident.  As a result, she underwent approximately thirty operations to repair the broken bones and torn ligaments in her leg.  During this time, she became addicted to prescription pain medication.  On April 28, 1995--the night of the burglary--she continued to use drugs. According to Appellant's testimony, she believed that Terry Hawn, Patricia Cromer, and herself were going to Jerry Hyder's house to buy drugs.  When the three arrived, Appellant got out of the truck and knocked on the door.  Appellant saw that Cromer had driven away in the truck, and she could not find Hawn.  Mr.

---

[3] Terry Hawn gave a statement in which he confessed to stealing three rifles.

Windle arrived and began firing his pistol. To avoid being shot, Appellant fell to the ground. Appellant averred that she did not enter the Windle residence, did not go there intending to commit a burglary, did not know that there was to be a burglary, and did not steal anything from the home.

## II. MOTION FOR JUDGMENT OF ACQUITTAL

Appellant first complains that the trial court erred in denying her motion for judgment of acquittal as to the charges for conspiracy to commit aggravated burglary and conspiracy to commit theft over $1,000.00. At the close of the State's proof, Appellant's attorney moved for judgments of acquittal as to the two conspiracy charges. The trial court denied the motion on the ground that the evidence created an issue for the jury's determination. We agree.

TENN. R. CRIM. P. 29(a) provides in pertinent part, "The court on motion of a defendant. . . shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information. . . if the evidence is insufficient to sustain a conviction of such offense or offenses." Id. When presented with a motion for judgment of acquittal, the trial court's only consideration is the legal sufficiency of the evidence. State v. Blanton, 926 S.W.2d 953 (Tenn. Crim. App. 1996). Sufficiency of the evidence is the appropriate standard by which both trial and appellate courts evaluate the adequacy of the evidence. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978).

Tenn. Code Ann. § 39-12-103 provides in pertinent part:

> (a) The offense of conspiracy is committed if two (2) or more people, each having the culpable mental state required for the offense which is the object of the conspiracy and each acting for the purpose of promoting or facilitating commission of an offense, agree that one (1) or more of them will engage in conduct which constitutes such offense.

Tenn. Code Ann. § 39-12-103(a).

"A conspiracy requires knowing involvement." State v. Shropshire, 874 S.W.2d 634, 641 (Tenn. Crim. App. 1993). The conspiracy need not be manifested by formal words or an express agreement. Shropshire, 874 S.W.2d 634, 641; State v. Cook, 749 S.W.2d 42, 44 (Tenn. Crim. App. 1987). The existence of the conspiracy may be established by circumstantial evidence and by the conduct of the parties in executing the object of their agreement. Shropshire, 874 S.W.2d 634, 641; Cook, 749 S.W.2d 42, 44.

Appellant testified that on the evening in question, she was addicted to and under the influence of various narcotics. On April 28, 1995, Appellant had taken Valium, Soma, and Lorcet. According to Appellant's testimony, on the day of the incident, Terry Hawn picked up Appellant at her home in Crossville, Tennessee. Later that afternoon, the two met Patricia Cromer. Appellant, Hawn, and Cromer drove to the Windle residence in Overton County. Upon arriving, Appellant and Hawn got out of the truck, and Cromer drove away. As Mr. Windle pulled into his driveway, he saw Hawn and Appellant running from his home. One of them carried guns. Subsequently, Appellant and Hawn were apprehended; Mr. Windle apprehended Ms. Cromer when she drove into his driveway.

The trial court properly concluded that there was adequate evidence for the jury to determine whether or not the three individuals agreed among themselves to commit both a burglary and a theft in Overton County at a residence with no one at home and that they drove into Mr. Windle's driveway in furtherance of their criminal plan.

### III. SUFFICIENCY OF THE EVIDENCE

Appellant's final contention is that the evidence was insufficient to sustain her conviction for aggravated burglary. We disagree.

This Court is obliged to review challenges to the sufficiency of the convicting evidence according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d 776, 779. Finally, TENN. R. APP. P. 13(e) provides, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." See also Matthews, 805 S.W.2d 776, 780.

Tenn. Code Ann. § 39-14-401(1) provides that, "(1) `Habitation' (A) Means any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons." Tenn. Code Ann. § 39-14-401(1)(A).

Tenn. Code Ann. § 39-14-402(a) provides in part: "(a) A person commits burglary who without the effective consent of the property owner: (3) Enters a building and commits or attempts to commit a felony, theft or assault. Tenn. Code Ann. § 39-14-402(a)(3).

Tenn. Code Ann. § 39-14-403 states in part, "(a) Aggravated burglary is burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a). The State was required to prove each and every element of the charged offense beyond a reasonable doubt.

Burglary may be established by circumstantial evidence. State v. Holland, 860 S.W.2d 53, 59 (Tenn. Crim. App. 1993); State v. Bohanan, 745 S.W.2d 892, 895 (Tenn. Crim. App. 1987). Moreover, the jury may infer an accused's criminal intent from the circumstances. Holland, 860 S.W.2d 53, 59. However, before an accused may be convicted of a crime based solely upon circumstantial evidence, the facts and circumstances "`must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant.'" Bohanan, 745 S.W.2d 892, 895 (quoting State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971)). Once the breaking and entering have been established, the jury may infer the accused's intent to commit a theft therein. State v. Avery, 818 S.W.2d 365, 367-68 (Tenn. Crim. App. 1991). Finally, a defendant's flight, coupled with other facts and circumstances, is evidence of guilt. State v. Zagorski, 701 S.W.2d 808, 813 (Tenn. 1985).

Appellant and her co-defendant entered a habitation. Additionally, neither Appellant nor Terry Hawn had been given permission from Gerald Windle to enter his home. Finally, Appellant and her co-defendant intended to commit a theft inside the residence.

Appellant admits being at Mr. Windle's residence on the day of the incident. However, she denies entering the home and participating in the burglary. Appellant contends that some of Mr. Windle's testimony is not credible and that the burglary could not have occurred as Gerald Windle claims in his testimony. Specifically, Appellant points to Windle's statement that Appellant ran from his home and around the house. Further, Windle testified that Appellant and Hawn jumped over a bank. Appellant urges this Court to conclude that the burglary did not occur as Mr. Windle described because she was seriously injured in a severe motorcycle accident in 1992 which severely damaged the bones of her leg, rendering her incapable of running. However, it is not the function of this Court to evaluate the credibility of witnesses. State v. Williams, 784 S.W.2d 660, 663 (Tenn. Crim. App. 1989). Rather, that is a matter entrusted exclusively to the trier of fact. Id. The jury obviously rejected Appellant's assertion of her inability to run and accredited the testimony of the victim. We decline to disturb its verdict on this appeal.

The judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE

-9-

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE