IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1997 SESSION

FILED

September 19, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9608-CR-00384 |
| Appellee, | ) | |
| | ) | WILSON COUNTY |
| VS. | ) | |
| | ) | HON. J. O. BOND, JUDGE |
| CHARLES W. SANDERSON, | ) | |
| | ) | (Aggravated Burglary) |
| Appellant. | ) | |

FOR THE APPELLANT:

**COMER DONNELL**
District Public Defender

**KAREN G. CHAFFIN**
Assistant District Public Defender
213 North Cumberland St.
Lebanon, TN 37087

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**JANIS L. TURNER**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**TOM P. THOMPSON, Jr.**
District Attorney General

**H. DOUGLAS HALL**
Assistant District Attorney
111 Cherry St.
Lebanon, TN 37087-3609

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

# O P I N I O N

On November 29, 1995, a Wilson County jury found defendant, Charles W. Sanderson, guilty of aggravated burglary, a Class C felony. The trial court sentenced defendant to 15 years as a Range III (45%) Persistent Offender. Defendant challenges both the conviction and sentence alleging the following errors:

(1) the failure of the trial judge to dismiss the indictment for lack of a preliminary hearing recording;
(2) the trial court's incorrect statement of the law regarding circumstantial evidence;
(3) the trial court's improper definition of reasonable doubt;
(4) the trial court's denial of the request to exclude witnesses from the courtroom prior to *voir dire*;
(5) the failure to suppress defendant's statement giving a false name to the officer;
(6) allowing the indictment in the jury room;
(7) the wrongful admission of a screwdriver into evidence;
(8) improper final argument by the state;
(9) insufficiency of the evidence; and
(10) an improper sentence.

We AFFIRM the conviction and the sentence.

## FACTS

Houston Dedman, father of the victim, saw a pick-up truck at the victim's mobile home on October 7, 1994, the date of the crime. While his wife was calling the victim at her workplace and then 911, Dedman continued to watch from his back porch approximately 350 feet away. He saw a heavy-set, long-haired man wearing a white tee-shirt and blue jeans go first to the front door of the trailer and then to the back door. The man entered the mobile home and stayed inside five to ten minutes before exiting by the back door. The authorities then arrived on the scene and apprehended the defendant and another suspect. Dedman identified the defendant as the same person he saw enter the mobile home. Defendant's fingerprints were found on the back door of the mobile home.

Lieutenant Kenny Burns responded to the 911 dispatch. As he pulled into the driveway, he saw a truck and a male with long hair standing close to the mobile home. He testified that defendant saw him and started to run toward the truck. At

2

that point, Burns made him stop and lie down on the ground. The man had on blue jeans and a white tee-shirt. When asked his name, the defendant gave Lt. Burns the false name of "Chuck Binkley." Chuck Binkley was actually a female who was the owner of the truck and the wife of the other person apprehended. Lt. Burns identified defendant as the man he had apprehended.

According to the TBI lab report, a screwdriver found in the truck could have produced the pry marks on the back door frame, but there were not sufficient identifying characteristics to show exclusion of all other prying devices.

The victim testified that no one had permission to be on her property on that date, and all her doors had been locked. She arrived shortly after the apprehension of the defendant and before officers left the scene. The chain on her back door had been broken. She went into her house and found the bedroom "ransacked" with doors opened and drawers pulled out. The jewelry box on the bed had all of its drawers pulled out. Nothing had been taken.

**LACK OF RECORDING OF PRELIMINARY HEARING**

The General Sessions Court judgment shows that defendant was bound over on "attempt to commit aggravated burglary." Defendant claims prejudicial error because the trial court refused to dismiss the indictment based on the General Sessions Court's failure to make a recording of his preliminary hearing in violation of Tenn. R. Crim. P. 5.1(a). Butts v. State, 640 S.W.2d 37, 38 (Tenn. Crim. App. 1982), held that "the failure to provide a recording or its equivalent may constitute harmless error. . . [when] the trial evidence so conclusively showed . . . guilt that a record of the preliminary hearing could not have aided the defense." Defendant claims his facts justify a different outcome. We do not agree. Proof of guilt was overwhelming. Defendant has failed to show any prejudice. The failure to record the preliminary hearing was harmless error. Tenn. R. App. P. 36(b); *see* also State v. Bohanon, 745 S.W.2d 892, 896 (Tenn. Crim. App. 1987).

3

**TRIAL COURT COMMENTS**

Defendant argues that the trial court erred in commenting incorrectly on the burden of proof during *voir dire*, and that the court erred in its definition of reasonable doubt in comments made before *voir dire*.

**A.**

The language cited by defendant is an effort by the trial court during *voir dire* to illustrate the difference in direct and circumstantial evidence. The language used by the trial judge accurately paraphrases *T.P.I. - Crim.* § 42.03 (4th ed. 1995). This issue is without merit.

**B.**

Defendant complains the trial court erroneously told the jury before *voir dire* that:

> Beyond a shadow of a doubt is not the rule, beyond any doubt is not the rule. It's simply beyond a reasonable doubt. That there's no other reasonable answer to it other than just--reasonable answer.

Although the last phrase concerning a "reasonable answer" is vague, no harm inured to the defendant. The statements concerning "shadow of a doubt" and "beyond any doubt" are accurate statements of the law. This issue is without merit.

**MOTION TO SEQUESTER WITNESSES PRIOR TO *VOIR DIRE***

Defense counsel requested sequestration of the witnesses prior to *voir dire*. The trial court denied the request so the potential jurors could determine if they knew any of the witnesses. At the time of trial, Tenn. R. Evid. 615 provided that sequestration was to be effective before *voir dire* if requested.[1] However, defendant has demonstrated no prejudice as a result of the failure to sequester prior to *voir dire*.

---

[1]The rule has now been amended to make sequestration before voir dire discretionary with the trial court.

4

This is harmless error.  Tenn. R. App. P. 36(b); <u>State v. Anthony</u>, 836 S.W.2d 600, 605 (Tenn. Crim. App. 1992).

## MOTION TO SUPPRESS GIVING NAME TO OFFICER

Defendant contends the officer's request for defendant's name should have been preceded by <u>Miranda</u> warnings since defendant was in custody.  A request for a defendant's name does not trigger the necessity of <u>Miranda</u> warnings.  *See* <u>Pennsylvania v. Muniz</u>, 496 U.S. 582, 601-602 (1990); <u>State v. Williams</u>, 623 S.W.2d 118, 121 (Tenn. 1981).  This issue is without merit.

## INDICTMENT IN THE JURY ROOM

Defendant contends the trial court erred in allowing the jury to take the indictment into the jury room during deliberations.  As a matter of custom, many trial courts allow the indictment to be taken to the jury room; however, there is no express legal authority concerning this custom.  Raybin, *Tennessee Criminal Practice and Procedure*, § 31.14 (1985).  We see no prejudice to the defendant.  The indictment was read to the jury at the beginning of trial.  The trial judge properly instructed the jury that the indictment was not evidence against the defendant and could not create any inference of guilt.  This issue is without merit.

## ADMISSION OF SCREWDRIVER INTO EVIDENCE

Defendant contends the trial court erred in allowing evidence about the screwdriver found in the vehicle.  Even though the scientific testing was not conclusive, the screwdriver was found in a place that, coupled with trial testimony, would allow an inference that it was a tool used to pry the door of the residence. There is nothing in the record to reflect that its probative value was outweighed by its prejudice to defendant.  This issue is without merit.

## PROSECUTOR'S CLOSING ARGUMENT

Defendant complains of the following argument made by the prosecutor in final argument:

> He [defense counsel] wants you to say, if he was in there, he was just doing trespass, just little ole misdemeanor trespass is what he was doing. Convict him of that. You know, bring it down to trespass.

The defendant did not request the range of punishment charge and claims that the mention of "misdemeanor" constituted prejudicial conduct. The State did not advise the jury of the range of punishment. We find nothing improper in telling the jury that a particular offense is a misdemeanor or a felony. This issue is without merit.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence is insufficient to justify the guilty finding. In determining the sufficiency of the evidence, this court does not reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This Court will not disturb a verdict of guilty due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any

6

rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

The evidence was clearly sufficient to sustain the conviction of aggravated burglary. The defendant was seen unlawfully entering and leaving the premises and was apprehended at the scene. The premises were "ransacked;" therefore, the jury could conclude there was an intent to steal. *See* State v. Chrisman, 885 S.W.2d 834, 838 (Tenn. Crim. App. 1994). The fact that nothing was actually removed is not determinative. This issue is without merit.

## SENTENCING

Finally, defendant contends the trial court erred by imposing a 15-year sentence to run consecutively to his prior sentences. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code. Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §40-35-113 and §40-35-114; and(6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating factors or enhancement factors are present, Tenn. Code Ann. § 40-35-210 provides that the presumptive sentence shall be the minimum sentence

within the applicable range. *See* State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors, and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Moss, 727 S.W.2d 229 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

**A.**

In sentencing the defendant to the maximum Range III punishment of 15 years, the trial court found no mitigating factors and four (4) enhancement factors. The applicable enhancement factors found by the trial court were:

(1)     previous history of criminal convictions in addition to those necessary to establish Range III punishment under Tenn. Code Ann. § 40-35-114(1);

(2)     previous history of unwillingness to comply with conditions of a sentence involving release in the community under Tenn. Code Ann. § 40-35-114(8);

(3)     the defendant abused a position of public trust when he committed this crime while on furlough under Tenn. Code Ann. § 40-35-114(15); and

(4)     the crime was committed under circumstances under which the potential for bodily injury to a victim was great under Tenn. Code Ann. § 40-35-114(16).

Defendant contends the trial court erred in its application of the last three enhancement factors.

Defendant concedes he has prior convictions in addition to those necessary to establish Range III punishment. More specifically, the defendant has been convicted of second degree burglary (enhanced to a life sentence as an habitual criminal), grand larceny (enhanced to a life sentence as an habitual criminal), three (3) separate counts of third degree burglary and robbery by use of a deadly weapon.

8

The proof also established that defendant had two (2) prior parole revocations. Accordingly, the court properly applied the enhancement factor relating to a previous history of unwillingness to comply with the conditions of a sentence involving release in the community.

The trial court found that the defendant was on a three-day furlough when this offense was committed and, therefore, found the defendant abused a position of public trust. We find no support for the application of this factor in the context of a furlough. *See* State v. Seay, 945 S.W.2d 755, 766 (Tenn. Crim. App. 1996) (holding that this factor did not apply to a defendant who committed an offense while on probation). However, committing a crime while on furlough for a felony qualifies as an enhancement factor under Tenn. Code Ann. § 40-35-114(13)(E). Furlough is a type of release into the community under the indirect supervision of the Department of Correction or local governmental authority. Accordingly, this enhancement factor should have been applied instead of the public trust enhancement factor.

The trial court found that this aggravated burglary was committed under circumstances under which the potential injury to the homeowner was great. The homeowner was not present at the time of the burglary. The state concedes and we agree that this factor was erroneously applied. *See* State v. Avery, 818 S.W.2d 365, 369 (Tenn. Crim. App. 1991).

In spite of the misapplication of the above-mentioned enhancement factors, we conclude under our *de novo* review that the maximum 15-year sentence is appropriate for this defendant.

**B.**

The trial court ran this 15-year sentence consecutively to the sentences for which defendant was on furlough at the time of the offense. The trial court found that the defendant was a professional criminal and an offender whose record of criminal activity was extensive. *See* Tenn. Code Ann. § 40-35-115(b)(1) and (2). We further find that consecutive sentencing is necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences reasonably

9

relate to the severity of the offenses. *See* State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). We find no error in the sentence.

## CONCLUSION

For the reasons stated above, we  AFFIRM  the conviction for aggravated burglary and the sentence imposed.

_____
_____JOE G. RILEY, JUDGE



CONCUR:


_____
CURWOOD WITT, JUDGE


_____
JOE H. WALKER, III, SPECIAL JUDGE