# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### APRIL 2000 SESSION

## STATE OF TENNESSEE v. ROBERT C. COPAS

**Appeal as of Right from the Criminal Court for Sumner County**
**No. 10151998     Jane Wheatcraft, Judge**

**No. M1999-00841-CCA-R3-CD - Filed September 15, 2000**

The defendant, Robert C. Copas, was indicted by a Sumner County Grand Jury for one count of aggravated rape. After discovering that the recording of the defendant's preliminary hearing was inaudible, the defendant moved to dismiss the indictment and remand for a new preliminary hearing pursuant to rule 5.1 of the Rules of Criminal Procedure. Following a hearing, the trial court did not dismiss the indictment, but remanded for a new preliminary hearing. The state then moved to dismiss the indictment, arguing that case law requires dismissal of the indictment under these circumstances. The court agreed and dismissed the indictment but the state then brought this appeal. Because the trial court's dismissal of the indictment and remand for a new preliminary hearing was an appropriate remedy for a violation of the Tenn. R. Crim. P. 5.1 (a) the judgment of the trial court is affirmed.

**TENN.R. APP. R. 3 Appeal as of Right; Judgment of the Criminal Court of Sumner County is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., and ROBERT W. WEDEMEYER.J., joined.

Mark T. Smith, Gallatin, Tennessee for the appellee, Robert C. Copas.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney Generals for the appellant, State of Tennessee.

## OPINION

### Recording of Preliminary Hearing

The state argues that the trial court erred when it granted the defendant's motion to remand for a new preliminary hearing following the defendant's discovery that a tape-recording of the preliminary hearing was inaudible. Rule 5.1(a) of the Tennessee Rules of Criminal Procedure

provides, in relevant part:

> the proceedings shall be preserved by electronic recording or its equivalent and when the defendant is subsequently indicted such recording shall be made available for listening to by the defendant or defendant's counsel to the end that they may be apprised of the evidence introduced upon the preliminary examination.

Tenn. R. Crim. P. 5.1(a). The state argues that because defense counsel was present at the preliminary hearing, the purpose of the rule, i.e., to apprise the defendant or the defendant's counsel of the evidence introduced, was met in the present case. Accordingly, argues the state, no preliminary hearing is required.

The state correctly notes that most of the cases addressing this issue have done so in the post-trial context. See State v. Carter, 970 S.W.2d 509, 512 (Tenn. Crim. App. 1997); State v. Butts, 640 S.W.2d 37, 38 (Tenn. Crim. App. 1982); State v. McBee, 644 S.W.2d 425, 427 (Tenn. Crim. App. 1982). In those cases, however, this court applied a harmless error analysis to a violation of the rule. This court has addressed at least one case in the same procedural posture as the instant case. In State v. Malvin Louis Rushton, we affirmed a trial court's dismissal of an indictment in similar circumstances. No. 1260, 1990 WL 60662 , at *4 (Tenn. Crim. App., Nashville, May 11, 1990). In that case, however, one of the reasons that the trial court's determination was affirmed was because the defendant's trial attorney was not present at the preliminary hearing. Id. at *3. Thus, the defendant's trial attorney was not properly apprised of the evidence adduced at the preliminary hearing. This court opined, in dictum, that if the defendant's trial attorney had been present at the preliminary hearing, the trial court could have properly overruled the defendant's motion to dismiss the indictment because the purpose of the rule would have been satisfied. Id. The court in that case relied on State v. Roberson, 644 S.W.2d 696, 699 (Tenn. Crim. App. 1982), in which this court held that no prejudice resulted from a failure to record a preliminary hearing because the defendant's attorney was present at the preliminary hearing.

Although we are mindful that the purpose of a preliminary hearing is to adjudicate probable cause, the rule itself is very clear. The word "shall" is used twice, and its obligatory tone is clear. Furthermore, although the rule states no sanction for failure to prepare, preserve, and make available such a recording, in Carter we held that "[t]he proper remedy when an electronic recording of a preliminary hearing is lost or unavailable would be to request the trial court to dismiss the indictment and remand to the General Sessions Court for a second preliminary hearing. Carter 970 S.W.2d at 512. We are unwilling to condition a rememdy for a violation of rule 5.1(a) on whether the attorney in criminal court and at the preliminary hearing are one in the same.

Finally, notwithstanding Rushton's dictum, we are unwilling to assume that the error cannot, under any circumstances, work to the prejudice of the defendant. We need not engage in harmless error analysis or speculate about the possible prejudice of a failure to abide by the mandates of the rule when a case is presented in this procedural posture. This issue has no merit.

Accordingly, the judgment of the trial court is AFFIRMED.

---

JERRY L. SMITH