IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 10, 2001 Session

## STATE OF TENNESSEE v. ANDRE NEELY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 96-09443, 96-09445, 09-09446      Arthur T. Bennett, Judge**

---

**No. W2000-01690-CCA-R3-CD  - Filed April 26, 2002**

---

After the defendant's arrest for first degree murder and attempted first degree murder, a Shelby County General Sessions Court conducted a preliminary hearing to determine if there was probable cause to support his arrest.  At the conclusion of the preliminary hearing, the court dismissed the defendant's case. However, a Shelby County grand jury later indicted the defendant for first degree murder and two counts of attempted first degree murder. Pursuant to a jury trial, the defendant was found guilty of one count of second degree murder and two counts of attempted second degree murder.  Accordingly, the trial court sentenced the defendant to serve twenty years in confinement. The defendant now brings this appeal, challenging his conviction on the basis that (1) he was denied an opportunity to review the preliminary hearing tape, which was destroyed, and that (2) the trial court  refused to admit certain testimony to cure this deficiency.   After reviewing these claims, we find that neither of them merit relief.  Accordingly, we affirm the defendant's convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

John E. Dunlap, Memphis, Tennessee, for appellant, Andre Neely.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lee Coffee, Assistant District Attorney General, for appellee, State of Tenenssee.

### OPINION

#### Factual Background

        Four men, one of whom was the murder victim, were en route to a car wash after having recently left a neighborhood egg fight. They pulled up next to another car at an intersection and proceeded to pelt the car with eggs. The defendant was in this car, along with three other people. The defendant exited the vehicle and began shooting at the fleeing car. After he fired several rounds, he

informed the car's occupants that "[t]hey won't fuck with me anymore." One of the defendant's bullets hit the murder victim in the back of his head, and the victim died as a result of the wound several days later.

As noted above, the defendant was subsequently arrested on murder charges. At the conclusion of a preliminary hearing, the court dismissed the charges against the defendant. The defendant, who was indicted on murder charges approximately one year later, sought to review a tape recording of his preliminary hearing. However, he learned that this tape had been destroyed. Accordingly, he sought either one of the two remedies: (1) a dismissal of his indictment and remand for a new preliminary hearing or (2) the admission of a witness's statement as a substitute for the individual's sworn preliminary hearing testimony that the defendant would have sought to introduce if that testimony had been properly preserved. The trial court refused to grant the defendant either form of relief. As stated above, he was convicted of one count of second degree murder and two counts of attempted second degree murder and now brings this appeal.

## Motion to Dismiss Indictment

The defendant argues that the trial court erroneously refused to grant his motion to dismiss his indictment and remand his case for a new preliminary hearing on the basis that he was denied his right to review a record of his preliminary hearing tape pursuant to Tennessee Rule of Criminal Procedure 5.1(a).

> This rule states, in relevant part, that
> the [preliminary hearing] proceedings shall be preserved by electronic recording or its equivalent and when the defendant is subsequently indicted such recording shall be made available for listening to by the defendant or defendant's counsel to the end that they may be apprised of the evidence introduced upon the preliminary examination.

Tenn. R. Crim. P. 5.1(a). Furthermore, the proper remedy when a preliminary hearing is lost or destroyed is for the trial court to grant defense counsel's request to dismiss the defendant's indictment and remand the case for a new preliminary hearing. See State v. Carter, 970 S.W.2d 509 (Tenn. Crim. App. 1997). As noted above, defense counsel made such a request, which the trial court overruled. The court found that the tape was negligently erased and stated that it would not dismiss the defendant's case without some showing that the prosecution was deliberately withholding information from the defense.

Given the procedure outlined in Carter for remedying a violation of Rule 5.1(a), the trial court erred by refusing to grant the defendant's motion to dismiss the indictment. See, e.g., State v. Robert C. Copas, No. M1999-00841-CCA-R3-CD, 2000 WL 1336686, at *1 (Tenn. Crim. App. at Nashville, Sept. 15, 2000) (affirming a trial court's decision to dismiss an indictment and remand the case for a new preliminary hearing when the tape recording of the defendant's preliminary hearing was inaudible). However, such error is subject to a harmless error analysis. See State v. Glen

Porter, No. 03C01-9808-CR-00294, 1999 WL 817658, at *5 (Tenn. Crim. App. at Knoxville, Sept. 29, 1999) (finding that the loss of the opportunity to review a tape recording of a defendant's preliminary hearing was harmless error because the defendant was not prejudiced by this omission); State v. Carter, 970 S.W.2d 509 (Tenn. Crim. App. 1997) (same); State v. McBee, 644 S.W.2d 425 (Tenn. Crim. App. 1982) (same); State v. Butts, 640 S.W.2d 37 (Tenn. Crim. App. 1982) (same). Specifically, "when the evidence contained in the record is so compelling on the question of the defendant's guilt, the lack of a recording of the preliminary hearing may be considered harmless error if it would not have significantly aided the defense." State v. Jamil Butler, No. 01C01-9612-CR-00529, 1998 WL 240335, at *6 (Tenn. Crim. App. at Nashville, May 14, 1998) (citing State v. Bohanan, 745 S.W.2d 892, 896 (Tenn. Crim. App. 1987); Butts, 640 S.W.2d at 38).

In the instant case, the evidence against the defendant was strong. One of the passengers in the defendant's car on the night of the shooting, Ms. Harris, testified that the defendant had a gun in the car on the night in question; that he exited the car before the shooting began; and that once he got back inside the car after the shooting ceased, he stated that he had not used all of the bullets in his gun and that "[t]hey won't fuck with me anymore." Further, although Samuel Jones, a passenger who was in the car with the victim, testified at trial that he did not recall seeing the defendant with a gun at the crime scene, he had made an earlier inconsistent statement to the police after the shooting that he had indeed seen the defendant with a nine millimeter gun, the same type of gun as the murder weapon, at the crime scene. Additionally, Laron Ward, another passenger in the victim's car, conclusively and positively identified the defendant as the shooter at trial.

The defendant argues that the preliminary hearing testimony would have significantly aided in his defense because Anthony Johnson, another passenger in the victim's car, allegedly testified at the preliminary hearing that the driver of the defendant's car was the shooter. The defendant makes this supposition because Mr. Johnson made a similar statement to the police after the shooting. The defendant asserts that this testimony would aid his defense because several witnesses to the crime indicated that the defendant was in the rear of the car, not in the driver's seat. However, the defendant's argument is flawed in many aspects. First, we have no way to conclusively determine that Mr. Johnson gave testimony at the preliminary hearing that was consistent with his earlier statement to the police. Moreover, the defendant has not demonstrated that ordering a dismissal and a new preliminary hearing would cure any prejudice resulting from the trial court's erroneous refusal to dismiss his indictment. If we were to grant him this remedy, the defendant has not demonstrated that he would be able to procure Mr. Johnson's testimony at the new preliminary hearing. Apparently, Mr. Johnson was unavailable to testify at the defendant's trial because he had been avoiding process, as he is a suspect in an unrelated crime.

In light of (1) the impossibility of conclusively determining the substance of Mr. Johnson's testimony, (2) the likely inadequacy of a dismissal and new preliminary hearing as a remedy for the destruction of the original preliminary hearing tape, and (3) the strong evidence of the defendant's guilt, we cannot say that the availability of the preliminary hearing testimony would have "significantly aided the defense." Butler, 1998 WL 240335, at *6. Accordingly, we deem the trial court's failure to remand the case for a new preliminary hearing to be harmless error.

**Prosecutorial Misconduct**

The defendant also argues that the state committed prosecutorial misconduct by allowing the tape recording of the preliminary hearing to be destroyed. The trial court determined that the destruction of the tape was a result of negligence on the part of the state and accordingly found that the state did not intentionally commit prosecutorial misconduct. We agree with the trial court's conclusion.

When determining whether alleged instances of prosecutorial misconduct might have affected the verdict to the prejudice of the defendant, this Court must consider, inter alia, "the intent of the prosecutor in making the improper statements" or committing the improper act. Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976); see also Nicholas Todd Sutton v. State, No. 03C01-9702-CR-00067, 1999 WL 423005, at *7 (Tenn. Crim. App. at Knoxville, June 25, 1999) (finding that a claim of prosecutorial misconduct did not warrant relief because the petitioner had not demonstrated that the prosecutor acted intentionally).

In the instant case, the Shelby County District Attorney General's Office has taken on the responsibility of recording preliminary hearings and making them available to the defense upon request. According to the Shelby County assistant district attorney general who was prosecuting the defendant's case, his office destroys tapes by recording over them once the tape becomes two-years old. They have adopted this practice due to the expense related to preserving these tapes indefinitely. The defendant requested to review his preliminary hearing tape outside of this two-year window. The defendant argues that the attorney general's office committed prosecutorial misconduct by failing to preserve his preliminary hearing tape beyond the customary two-year window, as the defendant was indicted one year after the preliminary hearing was held. Therefore, the preliminary hearing tape was destroyed while the defendant's case was still active.

While we agree that the district attorney general's practice of destroying preliminary hearing tapes of active files is a questionable practice, we do not find that the district attorney general's office destroyed the tape either intentionally or in order to deprive the defendant of a fair trial, but rather in accordance with a practice that the office implemented before the defendant's preliminary hearing was recorded. Accordingly, because we do not find that the state acted intentionally, we find that the defendant's claim of prosecutorial misconduct lacks merit.


**Admissibility of Unavailable Witness's Statement to the Police**

The defendant argues that because the sworn testimony recorded in the preliminary hearing tape could not be introduced at trial, the trial court should have admitted an unavailable witness's statement to the police. As previously mentioned, this witness gave a statement to the police after the crime occurred and later testified at the preliminary hearing. However, the witness was not available at the time of trial because he was avoiding process due to his involvement in an unrelated crime. Accordingly, because the defendant ordinarily would have sought to admit this witness's sworn preliminary hearing testimony during trial under Tennessee Rule of Evidence 804(b)(1), the rule allowing the admission of prior sworn testimony of unavailable declarants, the defendant argues that the trial court should have fashioned a remedy to compensate the defendant for the loss of the

opportunity to introduce that prior sworn testimony. Specifically, the defendant argues that the trial court should have admitted the statement that this witness gave to the police shortly after the crime occurred. Although the statement does not comply with the mandate of Rule 804(b)(1) that the prior statement of an unavailable declarant be sworn testimony, the defendant argues that the interests of providing the defendant with a fair trial override the evidentiary requirements for admissibility.

Tennessee Rule of Evidence 804, an exception allowing admission of otherwise inadmissible hearsay, applies only if the declarant of the hearsay statement is unavailable at the time of trial. Part (5) of subsection (a) states that a declarant will be deemed unavailable if the declarant "is absent form the hearing[,] and the proponent of a statement has been unable to procure the declarant's attendance by process." Tenn. R. Evid. 804(a)(5). Because defense counsel was unable to procure the presence of the witness at issue, the witness was unavailable within the meaning of Rule 804(a)(5).

However, in order for this witness's statement to have been admissible, the statement must have been either a statement made under the belief of impending death, a statement against interest, or former testimony. Tenn. R. Evid. 804(b)(1), (2), (3). However, the witness in the instant case did not make his statement while dying or injured, nor did he speak against his own pecuniary or proprietary interest by making the statement. See Tenn. R. Evid. 804(b)(2), (3). Rather, he was simply relaying his observations to a police officer as a witness to a recent shooting. Moreover, the statement was not given at a hearing and there was no opportunity for either party to develop or cross-examine his statement. Tenn. R. Evid. 804(b)(1). Accordingly, the statement was not former testimony under Rule 804(b)(1) and thus does not fall within the ambit of Rule 804.

The rationale behind the inadmissibility of hearsay statements is that hearsay statements are inherently unreliable. See State v. Henry, 33 S.W.3d 797, 801 (Tenn. 2000); Neil P. Cohen et al., Tennessee Law of Evidence § 801.1, at 490-91 (3d ed. 1995). The legislature has made exceptions to the hearsay rule in order to allow admission of certain hearsay that is assumed to be sufficiently reliable to warrant admission because of the context in which it was made. See Henry, 33 S.W.3d at 801. However, the defendant has not demonstrated the reliability of the hearsay statement that he argues should have been admitted at trial, as he has not argued that the hearsay would fall into one of the recognized hearsay exceptions. Moreover, several of the witnesses at trial gave testimony that differed from the statements that they had made to the police shortly after the shooting occurred, demonstrating the inherent unreliability of such statements and therefore the rationale for their inadmissibility.

Furthermore, despite the defendant's argument that the trial court should have admitted the hearsay in order to provide the defendant with a fair trial, we do not find that the admission of inadmissible hearsay would have changed the outcome of his trial. As noted above, the proof of the defendant's guilt was strong, and thus we do not find that the admission of this hearsay would have so affected the trial as to change its outcome.

## Conclusion

For the foregoing reasons, we find that none of the defendant's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

                _____

                JERRY L. SMITH, JUDGE