# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 5, 2006 Session

## STATE OF TENNESSEE v. RICHARD ODOM

**Direct Appeal from the Criminal Court for Shelby County**
**No. 91-07049     Chris Craft, Judge**

---

**No. W2006-00716-CCA-R10-DD  - Filed April 13, 2007**

---

The defendant, Richard Odom, filed a motion to access closed files in the Shelby County District Attorney's Office pursuant to the Tennessee Public Records Act, and the state opposed said motion. After two hearings on the matter, the trial court entered an order granting the defendant's ex parte motion for the trial court to view the state's file *in camera* for specific limited exculpatory material. We granted the state's Tennessee Rule of Appellate Procedure 10(a) application for extraordinary appeal to determine whether the trial court erred in granting the defendant's ex parte motion, requiring the state to relinquish its file for *in camera* inspection by the trial court. Upon our review of the record and due consideration of the issue, we reverse and vacate the trial court's order.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Criminal Court Reversed and Vacated**

J.C. McLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Marty B. McAfee and Gerald Skahan, Memphis, Tennessee, for the appellee, Richard Odom.

Michael E. Moore, Acting Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Robert Carter and Amy Weirich, Assistant District Attorneys General, for the appellant, State of Tennessee.

## OPINION

## PROCEDURAL BACKGROUND

In 1991, the defendant was indicted on three counts of robbery in indictment numbers 91-07051, 91-07052, and 91-07053. He was convicted by a jury of the robbery charge in indictment 91-07052 and was sentenced to six years in prison. The other indictments were dismissed in 1992. Also in 1992, the defendant was convicted of felony murder and sentenced to death. The Tennessee Supreme Court affirmed his conviction on direct appeal but remanded the case for a new sentencing

proceeding. *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). After the new sentencing proceeding, a jury again imposed the death sentence, and this court affirmed the sentence. The supreme court again remanded the case for a new sentencing proceeding. *State v. Odom*, 137 S.W.3d 572 (Tenn. 2004).

On January 26, 2005, the defendant filed a "Motion for Access to Closed Files in the Shelby County District Attorney's Office, Pursuant to the Tennessee Public Records Act, T.C.A. § 10-7-503 through § 10-7-505." The defendant asserted that the files were closed and that counsel needed to explore and investigate any prior criminal charges in order to adequately represent him at re-sentencing. The state filed a response on May 12, 2005, stating that the files requested by the defendant were not closed but were part and parcel of the file currently pending re-sentencing. The motion was initially heard on May 19, 2005, and a second hearing was held on November 22, 2005. On February 16, 2006, the trial court entered an order granting the defendant's ex parte motion for the trial court to view the state's file *in camera* for specific limited exculpatory material. A third hearing was held on March 31, 2006, during which the trial court reaffirmed its denial of the state's request for an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure.[1] The state then filed an application in this court for a Rule 10 extraordinary appeal, this court ordered the defendant to respond, and the defendant filed a response to the state's Rule 10 motion on April 28, 2006. This court granted the state's motion by order dated May 24, 2006.[2]

## ANALYSIS

On appeal, the state argues that there is no authority for the trial court to entertain an ex parte motion that results in an order requiring the state to relinquish its files for an *in camera* inspection by the trial court. The state asserts that the defendant's access to its files is a discovery matter governed by Tennessee Rule of Criminal Procedure 16.

### Waiver

As an initial matter, we must address whether the state waived its objection to the trial court reviewing its records *in camera*. The defendant argues that because the trial court made an oral ruling granting his motion on May 19, 2005, and the state did not object at that time, the state waived

---

[1] The record indicates that the state requested the Rule 9 appeal and it was denied prior to the March 31, 2006 hearing. However, the state had the court reaffirm its denial on March 31st because it was unable to find the original denial in the transcripts and no discussion of a Rule 9 appeal was included in the court's written order. From the record before us, we are unable to glean the exact date of the state's initial request for a Rule 9 appeal.

[2] Again, we granted the state's Rule 10 motion by order dated May 24, 2006. Thereafter, the state moved for an extension of time in which to late file its brief, and this court granted that motion, giving the state until August 11, 2006 in which to file. The defendant then sought an extension of time in which to file his brief, and this court granted his motion, giving him until October 11, 2006 in which to file. Oral argument was docketed for the November 7, 2006 session; however, the defendant sought and was granted a motion to reschedule oral argument until the December session. The state then sought to have oral argument rescheduled until the January session, but this court, noting that the case had already been continued once, denied the state's motion. Oral argument was heard on December 5, 2006.

its objection. The defendant also submits that the state also waived its objection because it did not file its application for an extraordinary appeal until April 6, 2006, which was almost a year after the trial court's oral order and three months from the date the court issued the written order.

During the May 19, 2005 hearing, the trial court addressed whether the documents should be disclosed as part of the Tennessee Public Records Act. The following discussion took place:

| | |
|---|---|
| The Court: | Well, if [the defense] would . . . just put [what it is looking for] in writing so that we don't talk about it. Put it in writing in a motion and what I'll do is then I'll just grant, rather than get into the Public Record's Act morass here. |
| State: | Well, Judge, I think we need to answer that question first though before we jump to the conclusion that they're -- that Your Honor is entitled to go through this and pull out bits and pieces of a file. I think the question does need to be determined that this does not qualify as an open file. |
| | . . . . |
| State: | Or does qualify [as an open file]. |
| The Court: | Okay. |
| State: | So, yes, I think that question needs to be answered first, Judge. |
| The Court: | All right. Now, if it qualifies as an open file, you'll have to turn it over. |
| State: | Yes. |
| The Court: | If it doesn't qualify as an open file, I think they would still have a right to have me examine it in camera. |
| State: | Yes, sir. |
| The Court: | And so regardless, they're going to get it. . . . |

During the November 22, 2005 hearing, the state indicated that it was unclear about the trial court's request and asked that the court provide a written order directing the *in camera* inspection of the state's file. The case was continued to January 5, 2006 for transcription of the record and a written order ruling on the issue.

Upon review, we conclude the state did not waive its objection to the trial court's *in camera* inspection of its files. The hearing transcripts indicate initial confusion regarding the court's request of the state's files for inspection. Therefore, the prosecutor's "Yes, sir" during the above March 19th discussion cannot fairly be viewed as a waiver of any objection. Additionally, the state filed its Rule 10 application in a reasonable amount of time. The record reflects that the trial court did not issue a written order regarding the *in camera* inspection until February 2006. Following the trial court's written order, the state sought a Rule 9 interlocutory appeal, and after its denial, this Rule 10 extraordinary appeal. Thus, the state sought this Rule 10 appeal in a reasonable amount of time upon receiving the written order from the trial court from which it could appeal. *See State v. Best*, 614

S.W.2d 791, 793-94 (Tenn. 1981) (noting that there is no rigid time limitation for filing a motion for a Rule 10 extraordinary appeal).

### *In Camera* Inspection

In Tennessee, ex parte hearings are generally disfavored and disallowed. *State v. Barnett*, 909 S.W.2d 423, 428 (Tenn. 1995); *Darrell Wayne Taylor v. State*, No. W2001-01806-CCA-R9-PD, 2003 WL 21338943, at *2 (Tenn. Crim. App., at Jackson, May 2, 2003), *perm. app. denied* (Tenn. Sept. 2, 2003). While the trial court here did not conduct an ex parte hearing, the defendant presented an ex parte motion to the trial court in which he revealed the information he was seeking from the state's files and the information in his motion was not made known to the state.

Tennessee Code Annotated section 40-14-207(b) and Tennessee Supreme Court Rule 13 section 5 permit indigent defendant's in capital cases to file an ex parte motion with the trial court to secure funding for expert and investigative services needed in preparation of the defense. In *Barnett*, our supreme court extended the right of indigent defendants to request funding for psychiatric services ex parte in non-capital cases as well. The rational behind the court's holding was to allow indigent defendants to seek state funding for experts without being required to reveal their theory of defense. *Barnett*, 909 S.W.2d at 428. However, this rational does not extend to the present case as the defendant did not file an ex parte motion for the purpose of securing funding for expert or investigative services.

In a case similar to the case at hand, *Darrell Wayne Taylor v. State*, the defendant filed an ex parte motion asking the trial court to direct the transportation of a lead bullet recovered by the Shelby County Medical Examiner from the body of the victim. 2003 WL 21338943, at *1. The trial court granted the defendant's ex parte motion and ordered the bullet transferred to the defendant's ballistic expert for testing. *Id.* The state learned of the ex parte order and an interlocutory appeal ensued. *Id.* On appeal, a panel of this court held that there is nothing in Tennessee Code Annotated 40-14-207(b) or Tennessee Supreme Court Rule 13 section 5 that would authorize a trial court to conduct an ex parte hearing on a request to remove and independently test evidence in the state's possession. *Id.* at *3. The court noted that such a request was a discovery matter and was governed by the rules of discovery applicable to the criminal proceeding. *Id.*

Tennessee Rule of Criminal Procedure 16 governs the disclosure of evidence in criminal cases. The rule provides that the state shall disclose to the defendant, upon his request, "the substance of any of the defendant's oral statements made before or after arrest in response to interrogation by any person the defendant knew was a law-enforcement officer if the state intends to offer the statement in evidence at the trial." Tenn. R. Crim. P. 16(a)(1)(A). Also upon the defendant's request, the state must "disclose . . . the defendant's relevant written or recorded statements, or copies thereof, if . . . the statement is within the state's possession, custody, or control; and . . . the district attorney general knows–or through due diligence could know–that the statement exists; and . . . the defendant's recorded grand jury testimony which relates to the offense charged." *Id.* at 16(a)(1)(B). Rule 16 also provides that, *inter alia*, books, papers, documents, and photographs

must be made available for the defendant's inspection "if the item is within the state's possession, custody, or control and . . . the item is material to preparing the defense." *Id.* at 16(a)(1)(F).

Rule 16(d)(1) provides as follows:

[F]or good cause shown, the court may deny, restrict, or defer discovery or inspection, or grant other appropriate relief. On a party's motion, the court may permit the party to make such showing, in whole or in part, by written statement that the court will inspect ex parte. If relief is granted following an ex parte submission, the court shall preserve under seal in the court records the entire text of the party's written statement.

As explained by a panel of this court in *State v. Thomas Dee Huskey*:

The plain language of this provision does not authorize a defendant to request that the court conduct an *in camera* examination of the state's files in order to ferret out discoverable information. Instead, the *in camera* review contemplated in this section is of a party's written statement explaining why the court should order the denial, restriction, or deferral of discovery. Nevertheless, the trial court may perform an *in camera* inspection of evidence in the event of a discovery dispute. *See State v. Butts*, 640 S.W.2d 37, 39 (Tenn. Crim. App. 1982) (holding that although defendants are not entitled to routine access to police personnel records, upon a strong showing that the records contain information material to the defendant's case, the trial court should inspect the records *in camera* and release the items material to the defense).

*Thomas Dee Huskey*, No. E1999-00438-CCA-R3-CD, 2002 WL 1400059, at \*65 (Tenn. Crim. App., at Knoxville, June 28, 2002), opinion on denial of reh'g, (Tenn. Crim. App., Oct. 11, 2002), *perm. app. denied* (Tenn., Feb. 18, 2003).

The state also has a continuing duty under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose any exculpatory information to the defendant. In *Brady*, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. To prove a *Brady* violation, a defendant must demonstrate that 1) he requested the information (unless the evidence is obviously exculpatory, in which case the state is bound to release the information whether requested or not); 2) that the state suppressed the information; 3) that the information was favorable to the defendant; and 4) that the information was material. *Johnson v. State*, 38 S.W.3d 52, 56 (Tenn. 2001). The evidence is deemed material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

In *State v. Caughron*, our supreme court indicated that it may be appropriate for a defendant to request that the trial court examine a specific document or evidence in the state's possession *in*

*camera* if there is evidence that the state failed to comply with its duties under Rule 16 or the dictates of *Brady v. Maryland*. *See State v. Caughron*, 855 S.W.2d 526, 540-41 (Tenn. 1993). However, from the record before us there is no indication that the defendant ever requested this evidence from the state pursuant to Rule 16. Therefore, because the defendant never requested the evidence *from the state*, it follows that there has been no discovery dispute which would permit the trial court to conduct an *in camera* inspection of the state's files to determine if the files contained evidence material to the defense. *See Thomas Dee Huskey*, 2002 WL 1400059, at *65.

There is likewise no indication in the record that the state withheld obviously exculpatory evidence or failed to comply with a request for exculpatory evidence.[3] As his alternative argument in his appellate brief, the defendant in essence suggests that this court view his ex parte motion to the trial court as a request for specific exculpatory evidence that the state failed to comply with. We decline his request because there is no authority for the defendant to make a *Brady* request via an ex parte motion to the trial court that would entail the trial court "plowing" through the state's files in search of the requested information.

We recognize that the trial court was only aiming to be expedient and fair in this matter, however, we conclude that the court erred in entertaining an ex parte motion that resulted in an order for an *in camera* inspection of the state's files when there had been no showing that the state had committed any *Brady* violations or failed to comply with the rules of discovery. The defendant cannot circumvent established procedure.

## Public Records Act

We note that the record indicates that the trial court did not grant the defendant's motion under the authority of the Tennessee Public Records Act. However, we will briefly discuss the issue because it was addressed by the parties. The defendant argues that he is entitled to records regarding his robbery charges under the Public Records Act because the cases are "closed" in that the statute of limitations has expired on the two charges that were dismissed, and no appeal or post-conviction petition was taken from the robbery charge of which he was convicted. The state asserts that the records regarding the robberies are "open" because they are part and parcel of the ongoing first-degree murder case – making the records unavailable under the Public Records Act.

Tennessee Code Annotated section 10-7-503(a) provides that "[a]ll state, county and municipal records . . . shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law." Section 10-7-504(a)(5) delineates the records and materials "in the possession of the office of the attorney general and reporter which relate to any pending or contemplated legal or administrative proceeding in which the office of the

---

[3] We note that the trial court's order said that it was going to inspect the state's file for specific, limited exculpatory material. However, the record does not reveal that the defendant ever alleged the state was withholding exculpatory evidence, but only that he was entitled to the records because they were "closed."

attorney general and reporter may be involved" that are not open for public inspection. The Act further provides, in section 10-7-505, that:

(a) Any citizen of Tennessee who shall request the right of personal inspection of any state, county or municipal record as provided in § 10-7- 503, and whose request has been in whole or in part denied by the official and/or designee of the official or through any act or regulation of any official or designee of any official, shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access.

(b) Such petition shall be filed in the chancery court for the county in which the county or municipal records sought are situated, or in any other court of that county having equity jurisdiction. In the case of records in the custody and control of any state department, agency or instrumentality, such petition shall be filed in the chancery court of Davidson County; or in the chancery court for the county in which the state records are situated if different from Davidson County, or in any other court of that county having equity jurisdiction; or in the chancery court in the county of the petitioner's residence, or in any other court of that county having equity jurisdiction.
. . .

We need not determine whether the records at issue are open or closed because even assuming the records are closed for purposes of the Act, it is clear from the record that the procedure used by the defendant did not comply with the statute. The defendant should have submitted a public records request to the District Attorney General's Office. If that request was denied, the defendant could have then filed a petition for judicial review in chancery court. The defendant did not follow this procedure. The Shelby County Criminal Court had no jurisdiction to entertain a petition for access to public records in the possession of the District Attorney's Office pursuant to the Public Records Act. The defendant is not entitled to relief under the Public Records Act.

## CONCLUSION

We conclude that the state did not waive its objection to the trial court's order; the defendant did not follow the rules of discovery for obtaining the evidence from the state, therefore, there was no authority for the trial court to conduct an *in camera* inspection of the state's files; and the defendant did not follow the proper procedure for obtaining records under the Public Records Act. Accordingly, we reverse and vacate the trial court's order.

_____
J.C. McLIN, JUDGE